UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MILLY MIKALI AMDUSO, *et al.*,      )
                                    )
                 Plaintiffs,        ) CIVIL ACTION NO.:08-1361(JDB)
                                    )
         v.                         )
                                    )
REPUBLIC OF SUDAN, *et al.*,        )
                                    )
                 Defendants.        )
_____)

### PLAINTIFFS' STATUS UPDATE REGARDING SERVICE UPON DEFENDANTS UNDER 28 U.S.C. § 1608

Plaintiffs, Milly Mikali Amduso, et al., hereby file this memorandum to update the Court on the status of their service upon the foreign-sovereign Defendants under 28 U.S.C. § 1608. While there is no prescribed time requirement to serve a foreign sovereign under the Foreign Sovereign Immunities Act ("FSIA"), counsel for Plaintiffs have been diligent in their efforts to locate a translator for a reasonable cost to their clients. Service has not been delayed through a lack of prosecution of this case. As explained below, Plaintiffs will be ready to serve Defendants in this case shortly.

The Federal Rules of Civil Procedure specify that service upon a foreign sovereign is defined under the FSIA. "A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608." Fed. R. Civ. P. 4(j)(1). A time limits for service on a foreign sovereign is not prescribed in 28 U.S.C. § 1608. The Federal rules also specifically exempt such service from the general time limit for service contained within Fed. R. Civ. P. 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. <u>This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)</u>.

(emphasis added). Despite the lack of a fixed time period, counsel for Plaintiffs have been diligent in their attempt to find a suitable translator at an reasonable price for their clients. (Exhibit 1 – Affidavit).

Once the translations have been completed, Plaintiffs intend to strictly adhere to the literal requirements of section 1608(a)(3) as required by the FSIA, which "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989). 28 U.S.C. § 1608 sets forth the requirements for sufficient service in the required order for their attempted performance. The first possible means set forth in subsection (a)(1) is under any special arrangement for service between the "plaintiff and the foreign state or political subdivision." No such "special arrangement" exists with regard to any plaintiff in this action and any defendant in this action.

The next means of service pursuant to the FSIA is through delivery in accordance with any international convention on service of judicial documents. 28 U.S.C. § 1608 (a)(2). The only applicable such international convention is the *Hague Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*. (citation omitted). This Convention was ratified by the United States but has never been ratified by the Islamic Republic of Iran or the Republic of Sudan. Service is therefore not available through this route either.

The next means of service is by sending "a copy of the summons and complaint with a notice of the suit, together with a translation of each into the official language of the foreign state *by any form of mailing* required a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 U.S.C. § 1608(a)(3) (emphasis added). Plaintiffs intend to serve the Defendant foreign sovereigns in this case under section 1608(a)(3). Should service under 8 U.S.C. § 1608(a)(3) fail, Plaintiffs would serve Defendants under 8 U.S.C. § 1608(a)(4).

Proper effectuation of service under section 1608(a)(3) requires that the Plaintiffs meet the prescribed requirements. "In this circuit, 'strict adherence to the terms of 1608(a) is required.'" *Phoenix Consulting, Inc. v. Republic of Angl.*, 35 F. Supp. 2d 14, 17 (D.D.C. 1999) (citing to *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994)). Then there are two requirements for effective service: a dispatch within the prescriptions of section 1608(a)(3) and the return of a signed receipt from the defendant. *Id.* at 12. "At a minimum, effective communication of any notice requires the active participation of both the dispatcher and the recipient." *Id.*

## CONCLUSION

Despite the lack of a fixed time period, counsel for Plaintiffs have been diligent in their attempt to find a suitable translator at an reasonable price for their clients. (Exhibit 1 – Affidavit). The translations should be prepared within the time frame described in Exhibit 1 and Plaintiffs will immediately thereafter serve Defendants in accord with the FSIA.

Dated: December 16, 2008                    Respectfully submitted,

                                                    PERLES LAW FIRM, P.C
                                                   Steven R. Perles (No. 326975)
                                                   Edward MacAllister (No. 494558)
                                                   1146 19th Street, NW 5th Floor
                                                   Washington, DC  20036
                                                 Telephone:  202-955-9055
                                                 Telefax:  202-955-3806

                                                 By: */s/ Steven R. Perles*_____