**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MILLY MIKALI AMDUSO, *et al.*, | ) |
|  | ) |
| Plaintiffs, | ) CIVIL ACTION NO.:08-1361(JDB) |
|  | ) |
| v. | ) |
|  | ) |
| REPUBLIC OF SUDAN, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

Plaintiffs hereby file this memorandum regarding their service of process upon Defendants as required by the Court's Order of January 26, 2009. Plaintiffs have initiated service of process upon Defendants as follows:

**I.     REPUBLIC OF SUDAN**

1. The Defendants the Republic of Sudan and the Ministry of the Interior for the Republic of Sudan (collectively "Sudan") was served pursuant to the provisions of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608. The FSIA "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989).

2. 28 U.S.C. § 1608 sets forth the requirements for sufficient service on a foreign sovereign. The first possible means set forth in 28 U.S.C. § 1608 is subsection § 1608(a)(1) is under any special arrangement for service between the "plaintiff and the foreign state or political subdivision." No such "special

arrangement" exists with regard to any Plaintiff in this action and any Defendant in this action.

3. The next means of service pursuant to the FSIA is through delivery in accordance with any international convention on service of judicial documents. 28 U.S.C. § 1608(a)(2). The only applicable such international convention is the *Hague Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*. (citation omitted). This Convention was ratified by the United States but has never been ratified by the Sudan, or any of the other Defendants. Service therefore was not available through this route either.

4. The next means of service available is by sending "a copy of the summons and complaint with a notice of the suit, together with a translation of each into the official language of the foreign state *by any form of mailing* required a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 U.S.C. § 1608(a)(3) (emphasis added).

5. Service was carried out under section 1608(a)(3) as follows: Plaintiffs delivered the required documents for the Sudan to the Clerk of the Court for international courier service with return-receipt, as was noted on the docket by the Clerk of the Court on October 27, 2006. (Docket entry #12). Both sets of documents were delivered to the Sudanese Ministry of Foreign Affairs on February 1, 2009. (Exhibit 1 at p. 2). An agent named Abdo signed the

return-receipt on behalf of all Sudanese government Defendants.  (Exhibit 1 at p. 2, Exhibit 2 at p.2).

6.  Plaintiffs tracked the progress of the documents via DHL.  Once the delivery of the documents had been made, counsel for Plaintiff obtained the delivery record attached as Exhibits 1-2.  The record of delivery was provided to this office on February 5 and 12, 2009, by Joe Subia, a representative of DHL.

7.  Internal courier service by DHL with return-receipt required constitutes service under 28 U.S.C. § 1603(a)(3).  *Abur v. Republic of Sudan*, 437 F. Supp. 2d 166, 173 (D.D.C. 2006).

8.  Plaintiffs strictly adhered to the literal requirements of section 1608(a)(3) and offer as further evidence the signed, return receipt record from DHL, which demonstrates the completion of service upon the Sudan on February 1, 2009.  (Exhibit 1-2).

9.  Plaintiffs have initiated an inquiry at the Department of State whether the Department would be willing to serve the Sudan again under section 1608(a)(4), given the hierarchical nature of the statute, where service has been completed under section 1608(a)(3), for the reasons identified by Plaintiffs in their Memorandum filed February 9, 2009.  (Docket Entry #15 at p.8-10).

10. In Plaintiffs' Memorandum filed February 9, 2009, they identified the case Gates v. Arab Republic of Syria, CA 06-1500 (RMC), which is currently before the United States Court of Appeal for the District of Columbia Circuit.  (Docket Entry #15 at p.8-10).  The appeal has challenged the validity of service upon a foreign sovereign under section 1608(a)(3) by using DHL and

a DHL tracking record as proof of that service. (Docket Entry #58 at p.2-3, CA 06-1500 (RMC)). Counsel for Plaintiffs will seek to build the safest record of service possible until this challenge has been resolved.

**II.     ISLAMIC REPUBLIC OF IRAN**

1. Plaintiffs also initiated service upon the Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security (collectively "Iran") pursuant to the provisions of the FSIA.

2. The first possible means set forth in subsection § 1608(a)(1) is under any special arrangement for service between the "plaintiff and the foreign state or political subdivision." No such "special arrangement" exists with regard to any Plaintiff in this action and any Defendant in this action.

3. The next means of service pursuant to the FSIA is through delivery in accordance with any international convention on service of judicial documents. 28 U.S.C. § 1608(a)(2). The Hague Convention has never been ratified by Iran. Service therefore was not available through this route either.

4. The next means of service is by sending "a copy of the summons and complaint with a notice of the suit, together with a translation of each into the official language of the foreign state *by any form of mailing* required a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 U.S.C. § 1608(a)(3) (emphasis added).

5. Service was carried out under section 1608(a)(3) as follows: Plaintiffs delivered the required documents to the Clerk of the Court for international

4

courier service with return-receipt, as was noted on the docket by the Clerk of the Court on October 27, 2006. (Docket entry #12). The documents were delivered to the Iran Ministry of Foreign Affairs on January 31, 2009. (Exhibit 3 at p. 2). The mail room however explicitly refused delivery of the package. (Exhibit 3 at p. 2). Plaintiffs assert that this would constitute valid service under section 1608(a)(3) as a defendant may not purposely frustrate a valid attempt at service. As a district court has not addressed the question of whether the purposeful frustration of service by a foreign sovereign under section 1608(a)(3) on the facts as presented would constitute valid service; Plaintiffs will file a motion with the Court for an order on the validity of that service.

6. Counsel for Plaintiffs obtained the record attached as Exhibit 3. This record of delivery was provided to this office on February 9, 2009, by Miranda Fettig, a representative of DHL.

7. As a precautionary measure, Plaintiffs have again attempted service upon Iran under section 1608(a)(3). (Docket Entry #17). Should service of the documents be obstructed again, Plaintiffs will serve Iran through section 1608(a)(4), which accomplishes service "by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services."

8.     Plaintiffs' dialogue with the Department of State regarding the propriety of service under section 1608(a)(4) when it appears that valid service has been achieved under section 1608(a)(3) will also inform their plans for service of process upon Iran.  Plaintiffs intend to serve Iran under section 1608(a)(4) irrespective of the result of the second attempt at service under section 1608(a)(3) should the Department agree with Plaintiffs' request to serve the Sudan under section 1608(a)(4), as described *supra* at p.3 ¶9.

I am an attorney of record for Plaintiffs in this case and hereby certify under penalty of perjury the truth of the statements contained herein.

February 27, 2009                    Respectfully Submitted,

*/s/ Steven R. Perles*

Steven R. Perles (No. 326975)
Edward MacAllister (No. 494558)
THE PERLES LAW FIRM, PC
1146 19th Street, NW, 5th Floor
Washington, DC 20036
Telephone: 202-955-9055
Facsimile:   202-955-3806

Attorney for Plaintiffs