UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MILLY MIKALI AMDUSO, *et al.*,      )
                                    )
                Plaintiffs,         ) CIVIL ACTION NO.:08-1361(JDB)
                                    )
        v.                          )
                                    )
REPUBLIC OF SUDAN, *et al.*,        )
                                    )
                Defendants.         )
_____)

**AFFIDAVIT IN SUPPORT OF ENTRY OF DEFAULT**

I, Edward MacAllister, hereby certify under penalty of perjury, this 20th day of April, that:

1. The Defendants the Republic of Sudan and the Ministry of the Interior for the Republic of Sudan (collectively "Sudan") was served pursuant to the provisions of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608. The FSIA "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989).

2. 28 U.S.C. § 1608 sets forth the requirements for sufficient service on a foreign sovereign. The first possible means set forth in 28 U.S.C. § 1608 is subsection § 1608(a)(1) is under any special arrangement for service between the "plaintiff and the foreign state or political subdivision." No such "special arrangement" exists with regard to any Plaintiff in this action and any Defendant in this action.

3. The next means of service pursuant to the FSIA is through delivery in accordance with any international convention on service of judicial documents. 28 U.S.C. § 1608(a)(2). The only applicable such international convention is the *Hague Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*. (citation omitted). This Convention was ratified by the United States but has never been ratified by the Sudan, or any of the other Defendants. Service therefore was not available through this route either.

4. The next means of service available is by sending "a copy of the summons and complaint with a notice of the suit, together with a translation of each into the official language of the foreign state *by any form of mailing* required a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 U.S.C. § 1608(a)(3) (emphasis added).

5. Service was carried out under section 1608(a)(3) as follows: I delivered the required service documents for the Sudan to the Clerk of the Court for international courier service with return-receipt, as was noted on the docket by the Clerk of the Court on October 27, 2006. (Docket entry #12). Both sets of documents were delivered to the Sudanese Ministry of Foreign Affairs on February 1, 2009. (Exhibit 1 at p. 2). An agent named Abdo signed the return-receipt on behalf of all Sudanese government Defendants. (Exhibit 1 at p. 2, Exhibit 2 at p.2).

6. Plaintiffs tracked the progress of the documents via DHL.  Once the delivery of the documents had been made, counsel for Plaintiff obtained the delivery record attached as Exhibits 1-2.  The record of delivery was provided to this office on February 5 and 12, 2009, by Joe Subia, a representative of DHL.

7. Internal courier service by DHL with return-receipt required constitutes service under 28 U.S.C. § 1603(a)(3).  *Abur v. Republic of Sudan*, 437 F. Supp. 2d 166, 173 (D.D.C. 2006).

8. Plaintiffs strictly adhered to the literal requirements of section 1608(a)(3) and offer as further evidence the signed, return receipt record from DHL, which demonstrates the completion of service upon the Sudan and its Ministry of Interior on February 1, 2009.  (Exhibit 1-2).

9. The summons issued in this case required all Defendants to answer sixty days after Plaintiffs completed service. None of the Defendants have filed any answer or pleading of any kind. When a defendant fails to plead or otherwise defend, the "Clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

10. I further certify under penalty of perjury that no appearance has been entered by said Defendants in this case; no pleadings have been filed and none served upon the Plaintiffs; no extension has been given and the time for filing has expired; that none of the Defendants is an infant or an incompetent person.

11. An executed Return of Service form for each defendant is filed with this affidavit. The Clerk is requested to enter a Default against said Defendants. I declare under penalty of perjury that the foregoing is true and correct.

4

April 20, 2009                                      Respectfully Submitted,

                                                    */s/ Edward MacAllister*

                                                    Steven R. Perles (No. 326975)
                                                    Edward MacAllister (No. 494558)
                                                    PERLES LAW FIRM, PC
                                                    1146 19th Street, NW, 5th Floor
                                                    Washington, DC 20036
                                                    Telephone: 202-955-9055
                                                    Facsimile:    202-955-3806

                                                    Attorney for Plaintiffs