## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| MILLY MIKALI AMDUSO, *et al.*,    ) <br>    ) <br> *Plaintiffs*,    ) <br>    ) <br> *v.*    ) <br>    ) <br> REPUBLIC OF SUDAN, *et al.*,    ) <br>    ) <br> *Defendants*.    ) | Civil Action No. 08-1361 (JDB) |

## SUDAN'S OBJECTIONS TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION FROM REPUBLIC OF SUDAN

Defendant the Republic of the Sudan ("Sudan"), by and through undersigned counsel, hereby objects to Plaintiffs' Request for Production of Documents and Electronically Stored Information ("Plaintiffs' Requests"), dated October 2, 2015.

## GENERAL OBJECTIONS

1.     Sudan objects to Plaintiffs' Requests because Sudan is immune from the subject-matter and personal jurisdiction of this Court pursuant to the Foreign Sovereign Immunities Act of 1976, as amended ("FSIA").

2.     Sudan objects to Plaintiffs' Requests because Sudan's property and interests in property wherever located are immune from attachment and execution pursuant to the FSIA.

3.     Sudan objects to the characterization of Plaintiffs' default judgment as "lawful judgments" for the reasons set forth in Sudan's Motion to Vacate the Default Judgment and the Statement of Points and Authorities and Reply Memorandum in Support thereof.  (Dkt. No. 285, filed April 30, 2015; Dkt. No. 291, filed June 22, 2015.)

4.      Sudan objects to the characterization of Sudan as "Judgment Debtor" for the reasons set forth in Sudan's Motion to Vacate the Default Judgment and the Statement of Points and Authorities and Reply Memorandum in Support thereof.  (Dkt. No. 285, filed April 30, 2015; Dkt. No. 291, filed June 22, 2015.)

5.      Sudan objects to Plaintiffs' Requests on the basis that Sudan is immune from post-judgment discovery pursuant to the FSIA.

6.      Sudan objects to Plaintiffs' Requests because Plaintiffs may not begin attachment or execution efforts upon their default judgment before obtaining an order from this Court under 28 U.S.C. § 1610(c), which Plaintiffs in any event cannot yet seek because (i) they have not completed service of the judgment on all named Defendants in this action pursuant to 28 U.S.C. § 1608(e) (*see* Order, *Owens v. Republic of Sudan*, C.A. No. 01-2244 (D.D.C. Apr. 1, 2015), Dkt. No. 359; *see also* Affidavits Requesting Foreign Mailing dated Sept. 15, 2015 (Dkt. Nos. 299, 300)); (ii) a "reasonable period of time" has not elapsed following entry of judgment (28 U.S.C. § 1610(c)); and (iii) Plaintiffs do not hold a final, non-appealable judgment (*id.*).

7.      Sudan objects to Plaintiffs' Requests on the basis that Sudan's Motion to Vacate the Default Judgment (Dkt. No. 285) was filed on April 30, 2015, and that motion is now pending before this Court, and that therefore Plaintiffs' Requests are premature, unduly burdensome, oppressive, wasteful and an unreasonable and inefficient use of judicial and party resources given that the default judgment may be vacated.

8.      Sudan objects to Plaintiffs' Requests on the basis that an appeal from the default judgment was noticed by Sudan on August 23, 2014 (Dkt. No. 261), and after Sudan had filed its principal appeal brief Plaintiffs moved for and were granted an indefinite stay of the appeal pending the resolution of Sudan's Motion to Vacate (Order at 2, *Owens v. Islamic Republic of*

2

*Iran*, Case No. 14-5105 (D.C. Cir. July 22, 2015)), and that therefore Plaintiffs' Requests are inequitable, premature, unduly burdensome, wasteful and an unreasonable and inefficient use of judicial and party resources given that Sudan's ability to obtain appellate review of the default judgment, which could be reversed, has been stayed upon Plaintiffs' application.

9.    Sudan objects to Plaintiffs' Requests to the extent they seek documents and information concerning assets of Sudan that are immune from execution under the FSIA.

10.    Sudan objects to Plaintiffs' Requests because they are not reasonably calculated to lead to assets that are attachable under the FSIA and therefore the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2).  As a result, the Requests fall outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).

11.    Sudan objects to Plaintiffs' Requests to the extent that any request purports to call for documents and information concerning any assets of Sudan that are immune from attachment and execution under § 1611.  In particular, but without limitation, Sudan objects to Plaintiffs' Requests to the extent that any request purports to call for documents and information concerning any assets of Sudan that are the property of a foreign central bank or monetary authority held for its own account pursuant to §§ 1609, 1611(b)(1).

12.    Sudan objects to Plaintiffs' Requests to the extent that any request purports to call for documents and information concerning any assets of Sudan that are immune from attachment and execution under the law of the jurisdiction where such assets may be located.

13.    Sudan objects to Plaintiffs' Requests to the extent that any request purports to call for documents and information concerning assets of Sudan that are immune from requisition or execution under applicable international treaties or agreements, including, but not limited to, the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95,

and the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261.

14.    Sudan objects to Plaintiffs' Requests to the extent that any request purports to call for documents and information concerning assets of Sudan located outside the United States in a jurisdiction that would not recognize or enforce a United States judgment that (i) was entered upon a party's (or parties') default (ii) awarded punitive or multiple damages, (iii) was made pursuant to § 1605A, as contrary to the public policy of that foreign state, (iv) is subject to further review, or (v) is unenforceable for any other reason.

15.    Sudan objects to Plaintiffs' Requests to the extent that any request purports to call for documents and information concerning assets of Sudan located outside the United States that would not be subject to attachment or execution in the jurisdiction where such assets are located.

16.    Sudan objects to Plaintiffs' Requests to the extent that compliance with any Request would violate or cause another to violate any law, privileges and immunities of any applicable jurisdiction, including but not limited to, laws protecting the privacy of and/or prohibiting the disclosure of any requested documents or information.

17.    Sudan objects to Plaintiffs' Requests to the extent that any request implicates the principles of international comity, including such principles relating to the burden that these Requests may cause Sudan, the Requests' potential for undermining principles of international comity, and the Requests' potential to be a serious affront to Sudan's sovereignty.

18.    Sudan objects to Plaintiffs' Requests as overly broad and unduly burdensome to the extent that any request purports to call for documents and information that Plaintiffs should obtain from the United States Department of the Treasury, Office of Foreign Assets Control ("OFAC") pursuant to 28 U.S.C. § 1610(f)(2)(A).

4

19.     Sudan objects to Plaintiffs' Requests to the extent that any request purports to call for documents and information about assets located outside the jurisdiction of the United States on the basis that Rule 69(a)(2) of the Federal Rules of Civil Procedure has no extraterritorial application.

20.     Sudan objects to each of Plaintiffs' Requests to the extent that the Requests are asserted for an improper purpose outside of the scope of post-judgment discovery, including but not limited to the extent the Requests seek merits discovery or information Plaintiffs believe might assist their participation in any remission or restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States.

21.     Sudan objects to each of Plaintiffs' Requests as overly broad and unduly burdensome to the extent that any such item seeks documents and information about assets whose value is disproportionately small in comparison to the value of the default judgment.

22.     Sudan objects to Plaintiffs' Requests because they are overly broad, vague, ambiguous, oppressive and unduly burdensome.

23.     Sudan objects to Plaintiffs' Requests to the extent that any request calls for documents and information that is cumulative or duplicative of information sought by any other of Plaintiffs' Requests.

24.     Sudan objects to Plaintiffs' Requests as overly broad, unduly burdensome and oppressive to the extent that any request purports to call for documents and information not within Sudan's possession, custody or control, and concerns facts outside Sudan's knowledge.

25.     Sudan objects to Plaintiffs' Requests as overly broad, unduly burdensome and oppressive to the extent that any request purports to call for documents and information that is in the public domain or may be more readily obtained from third parties.

26.     Sudan objects to Plaintiffs' Requests to the extent that they seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure and any applicable Local Rules.

27.     Sudan objects to Plaintiffs' Requests to the extent that they seek the discovery of documents and information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or immunity.  Nothing contained in any of these objections is intended to be, or in any way constitutes, a waiver of any such applicable privilege, immunity or protection.

28.     Sudan objects to Plaintiffs' Requests because must be considered unsigned because they are not signed by an attorney of record in this case pursuant to Rule 26(g) of the Federal Rules of Civil Procedure.  Although Plaintiffs' Requests were signed by Michael J. Miller, he has not entered an appearance in the *Amduso* action and is therefore not counsel of record in this case.  Local Rule 83.6 of the U.S. District Court for the District of Columbia Rules provides two methods by which an attorney may enter an appearance, by signing any pleading described in Fed. R. Civ. P. 7(a) (e.g., a complaint), or filing a written notice of entry of appearance. Mr. Miller has done neither.  The requests are therefore deemed unsigned and pursuant to Rule 26(g)(2) of the Federal Rules of Civil Procedure, Sudan "has no duty to act on an unsigned disclosure, request, response, or objection until it is signed" and the "court must strike [the requests] unless a signature is promptly supplied."  It is further noted that the website for the U.S. District Court for the District of Columbia currently identifies Mr. Miller's "Last

6

Renewal Date" for his admission to the Court as July 1, 2011, and notes that renewals are "every three years."

29.    These General Objections are hereby expressly incorporated in Sudan's Objections to Definitions, Objections to Instructions and Specific Objections set forth below.

30.    Sudan's objections do not constitute admissions relative to the existence of any documents or information, to the relevance or admissibility of any documents or information, or to the truth or accuracy of any statement or characterization contained in Plaintiffs' Requests. All objections as to relevance, authenticity or admissibility of any document are expressly reserved.

31.    Sudan reserves the right to amend, supplement and/or correct these objections in response to Plaintiffs' Requests at any time.

32.    Sudan states that it is amenable to fulfilling any meet-and-confer obligations that may apply.

33.    By stating its general objections and objections to Plaintiffs' Requests, including as to Definitions and Instructions, Sudan does not waive and hereby reserves all rights, privileges, defenses and immunities,

## OBJECTIONS TO DEFINITIONS

**DEFINITION A:**    The term Sudan or the Government of Sudan means the Republic of Sudan; the Central Bank of Sudan or the Bank of Sudan; all departments, agencies, and offices of the Government of Sudan; state owned or controlled financial institutions; and any representatives, agents, and all other persons conducting, facilitating, or supervising financial transactions or investments for or on behalf of the Republic of Sudan.

**OBJECTION:** Sudan objects to this Definition as overly broad and not reasonably calculated to lead to the discovery of documents and information concerning attachable assets of Sudan. Specifically, the Definition improperly conflates agencies, instrumentalities and other persons

and entities with Sudan.   The Definition is further objectionable to the extent that it would

require Sudan to produce any documents or information held by or related to the Central Bank of

Sudan or the Bank of Sudan, the assets of which are specifically "immune from attachment and

from execution" pursuant to § 1611(b)(1) of the FSIA.   The Definition is in any event vague and

ambiguous as drafted.

**DEFINITION B:**      The term "BNP Paribas S.A. or any subsidiary or affiliated financial
institution" includes BNP Paribas S.A., BNP Paribas (Suisse) S.A., BNP Paribas North
America, BNP Paribas's branch offices in New York, NY, Geneva, Switzerland, Paris,
France, and all other financial institutions controlled by or otherwise affiliated with BNP
Paribas S.A.

**OBJECTION:**   Sudan objects to this Definition as vague and overly broad to the extent that it

includes "all other financial institutions controlled by or otherwise affiliated with BNP Paribas

S.A." and such information is not reasonably within Sudan's knowledge.

**DEFINITION C:**     The term "unaffiliated Regional Banks" means the nine (9) financial
institutions located in Africa, Europe and the Middle East referenced in Paragraph 17 and
Footnote 4 of the stipulated Consent Order between the New York State Department of
Financial Services and BNP Paribas S.A. or used by BNP Paribas and Sudan to facilitate
financial transactions through the United States.

**OBJECTION:**   Sudan objects to this Definition as vague, ambiguous, and imprecise in that the

nine "unaffiliated Regional Banks."   Sudan further objects to this Definition to the extent that it

suggests Sudan was in any manner complicit in any unlawful conduct or that Sudan is required to

take a position as to BNP Paribas's admissions in the stipulated Consent Order therein

referenced, and consequently Sudan objects to the production of any documents or information

pursuant to this Definition to the extent that it may constitute any acquiescence in BNP Paribas's

admissions.

**DEFINITION D:**      The term "document" (or "documents") is defined to be synonymous
in meaning and equal in scope to the usage of the term "documents or electronically stored
information" in Fed. R. Civ. P. 34(a)(l)(A), and includes writings, drawings, graphs, charts,
photographs, sound recordings, visual recordings, images, and other data or data compilation,

stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term. Fed. R. Civ. P. 34(a).

**OBJECTION:** Sudan objects to this Definition to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Sudan also objects to this Definition to the extent that it purports to require the production of original documents.

**DEFINITION E:**    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) in oral, written, or electronic format.

**OBJECTION:** Sudan objects to this Definition to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Sudan also objects to this Definition as vague and overly broad to the extent that it includes the phrase "in the form of facts, ideas, inquiries, or otherwise."

**DEFINITION F:**    The term "person" means any natural person, or any business, legal, or governmental corporation, entity, association, or group.

**OBJECTION:** Sudan objects to this Definition to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**DEFINITION G:**    The term "Co-conspirators" shall refer to Omar al-Bashir; all state-owned or controlled Sudanese financial  institutions;  the National Congress Party of the National Islamic Front; BNP Paribas SA or any subsidiary or affiliated financial institution; Al Shamal Islamic Bank, Tadamon  Islamic Bank, Faisal Islamic Bank-Sudan, and Bank of Almusia; al-Qaeda; Egyptian  Islamic Jihad; Osama bin-Laden, Ayman Al-Zawahiri, Muhammad Atef, Saif al Adel, Mamdouh Mahmud Salim, Abdullah Ahmed Abdullah, Muhsin Musa Matwali Atwah, Khalid al Fawwaz, Wadih el Hage, Anas al Liby, Ibrahim Eidarous, Adel Abdel Bary, Fazul Abdullah Mohammed, Ahmed Mohammed Hamed Ali, Mohammed Sadeek  Odeh, Mohamed Rashed Daoud al-'Owhali, Mustafa Mohamed Fadhil, Khalfan Khamis Mohamed, Ahmed Khalfan Ghailani, Fahid Mohammed Ally Msalam, and Sheikh Ahmed Salim Swedan; and any person or entity involved in the August 7, 1998 attacks on the United States embassies

9

in Dar-es-Salaam, Tanzania and Nairobi, Kenya or any related financial transaction either before or after those attacks.

**OBJECTION:** Sudan objects to this Definition to extent that it suggests that any of the named persons or entities were in fact "Co-conspirators" of Sudan; Sudan has not been found by this Court to have been part of any conspiracy in respect of the 1998 Embassy bombings or involving any of the individuals or entities named in this Definition. Sudan further objects to this Definition to the extent it suggests that Sudan provided material support or resources to any individual, entity or organization listed above for the attacks in Tanzania or Kenya. Sudan also objects to this Definition as overly broad and unduly burdensome to the extent that it attempts to extend the scope of Plaintiffs' Requests to documents and information in the possession, custody, or control of individuals, agencies, or entities other than Sudan. Sudan objects to this Definition to the extent that its application anywhere in the context of Plaintiffs' Requests would purport to call for documents and information concerning or relating to assets outside the possession, custody or control of Sudan or facts outside Sudan's knowledge. Sudan further objects to this Definition to the extent that its application in the context of Plaintiffs' Requests would purport to call for documents and information not reasonably calculated to lead to the discovery of assets that are attachable in execution of the default judgment against Sudan under the FSIA, making such discovery not"[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2). As a result, such discovery is outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).

**DEFINITION H:**    The term "financial institution" includes (i) any financial  institution as defined in Section 5312(a)(2) of Title 31 of the United States Code and (ii) any foreign bank as defined in Section 1 of the International Banking Act of 1978 (12 U .S.C. § 310 I).

**OBJECTION:** Sudan objects to this Definition as vague and ambiguous, and to the extent that the Definition as applied to any Request is unduly burdensome in view of § 1610(f) of the FSIA.

**DEFINITION I:**   The term "financial transaction" includes any financial transaction as defined in Section 1956(c) of Title 18 of the United States Code.

**OBJECTION:**  Sudan objects to this Definition as vague and ambiguous, and to the extent that the Definition as applied to any Request is unduly burdensome in view of § 1610(f) of the FSIA.

**DEFINITION J:**   Unless otherwise specified, the term "Relevant Period" shall refer to the period November 3, 1997 through the present.

**OBJECTION:**   Sudan objects to this Definition as overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under of Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).  Specifically, this Definition calls for documents and information relating to a time period that predates the date of the commencement of this action and the date Plaintiffs obtained their default judgment.  In addition, the Definition as applied to the Requests appears to be asserted for the improper purpose of seeking merits discovery and documents and/or information that Plaintiffs appear to believe might assist their participation in any remission or restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States.  Even assuming that the Definition as applied to the Requests could be reasonably construed as seeking documents and information that could lead to the discovery of attachable assets in the United States (which it cannot), any documents or information concerning property in or transiting through the United States or a U.S. financial institution wherever located for the stated time-period should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA.  Sudan also objects to this Definition to the extent that its

application anywhere in the context of Plaintiffs' Requests would purport to call for documents

and information pertaining to assets not in the possession, custody or control of Sudan.

### OBJECTIONS TO INSTRUCTIONS

**INSTRUCTION K:**  A written response to this document request is required under Rule 34. All requested documents may be produced by mailing copies to the undersigned counsel for the Plaintiffs at the following address:

Michael J. Miller, Esq.
THE MILLER FIRM, LLC
108 Railroad Avenue
Orange, VA 22960
Tel: (540) 672-4224
Fax: (540) 672-3055

**OBJECTION:**  Sudan objects to this Instruction as improper as it requires Sudan to produce

documents and information to an attorney who has not entered an appearance on behalf of any

party in this case and therefore is not an attorney of record and whose bar membership status in

this Court appears to be in question.

**INSTRUCTION L:**  Documents referred to herein are to include all portions, or pages of each document referred to, and all attachments, enclosures, appendices, and supporting documentation, including, without limitation, originals, copies, non-identical copies (that may contain handwritten notes, markings, stamps, interlineations or electronic information), drafts, working papers, routing slips, and similar materials.

**OBJECTION:**  Sudan objects to this Instruction to the extent it purports to impose upon it

obligations greater than or at variance with those imposed by the Federal Rules of Civil

Procedure or the Local Rules of this Court.

**INSTRUCTION M:**  A document is deemed in your actual or constructive possession, custody or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in  part; (b) have a right, by control, contract, law, order or otherwise, to use inspect, examine or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine or copy such document upon any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such document when You sought to do so.  For the avoidance of doubt, a document is deemed in your actual or constructive possession, custody or control if it is accessible on a network or server that you maintain.

12

**OBJECTION:**  Sudan objects to this Instruction to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

**INSTRUCTION N:**  The specifications of these document requests are to be construed as being inclusive rather than exclusive.  Thus, words importing the singular include the plural; words importing the plural include the singular; words importing one gender includes both genders; the words "and" and "or" are to be construed conjunctively or disjunctively as necessary to make the document request inclusive; the word "all" means "any and all" and the word "any" means "any and all."

**OBJECTION:**  Sudan objects to this Instruction to the extent that it causes any Request to be ambiguous, vague, overbroad or unduly burdensome.

**INSTRUCTION O:**  In producing responsive documents, You should furnish all documents in your possession, custody, or control, regardless of whether such documents are possessed directly by you or by your agents, employees, or representatives, including Your attorneys or their agents, employees or representatives.

**OBJECTION:**  Sudan objects to this Instruction to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court and to the extent it causes any Request to be overbroad and unduly burdensome.

**INSTRUCTION P:**  If in responding to this request, you encounter any ambiguity in construing it or any definitions and instructions relevant to it, set forth the matter or term deemed "ambiguous" and the construction used in responding to the subpoena.

**OBJECTION:**  Sudan objects to this Instruction to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  Sudan further objects on the basis that this Instruction pertains to a "subpoena" of which Sudan is unaware.

**INSTRUCTION Q:**  If a privilege is claimed as the basis for not producing any document, you are to furnish as required by Rule 26 of the Federal Rules of Civil  Procedure a privilege log setting forth, for each such document: (i) nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state or foreign law, indicate the state or

foreign nation's privilege rule being invoked; (ii) the type of document, e.g., letter, memorandum, etc.; (iii) the general subject matter of the document; (iv) the date of the document; and ( v) the author of the document, the addressees and any other recipients of the document and, where not apparent, the relationship of the author, addressees, and recipients of the document.

**OBJECTION:**  Sudan objects to this Instruction to the extent it purports to impose upon it

obligations greater than or at variance with those imposed by the Federal Rules of Civil

Procedure or the Local Rules of this Court.

### OBJECTIONS TO SPECIFIC REQUESTS FOR DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

**REQUEST NO. 1:**  From November 1, 1997 through October 31, 2001, all documents, communications, and electronically stored information sent to, or received from, BNP Paribas S.A. or any subsidiary or affiliated financial institution relating, in any manner, to any U.S. dollar transaction, financial transaction, investment, property, financial/dollar clearing operation, financial investment, financial record, financial holding, loan, security, or real or personal property in or transiting through the United States or a U.S. financial institution wherever located.

**OBJECTION:**  In addition to the foregoing General Objections, Objections to Definitions and

Objections to Instructions, which are expressly incorporated herein, Sudan objects to the time

period set forth in this Request as overly broad, unduly burdensome, oppressive and not

reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States

under the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under

Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery

under Rules 26(b)(1) and 69(a)(2).   Specifically, the Request calls for documents and

information relating to a time period that predates the date of the commencement of this action

and the date Plaintiffs obtained their default judgment.  In addition, the Request appears to be

asserted for the improper purpose of seeking merits discovery and documents and/or

information that Plaintiffs appear to believe might assist their participation in any remission or

restitution process established by the United States in respect of the forfeited funds pursuant to

the settlement between BNP Paribas S.A. and the United States.  For these reasons, Sudan further objects to the subject-matter of the information requested.  Even assuming that the Request could be reasonably construed as seeking documents and information that could lead to the discovery of attachable assets in the United States (which it cannot), any documents or information concerning property in or transiting through the United States or a U.S. financial institution wherever located for the stated time-period should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA.  Sudan further objects to this Request as vague and ambiguous as to who Plaintiffs mean may have "sent" or "received" "all documents, communications, and electronically stored information" to or from BNP Paribas S.A. Assuming Plaintiffs mean "Sudan" as defined in Definition A above, Sudan objects on the basis of its Objection to that Definition.

**REQUEST NO. 2:**   From November 1, 1997 through October 31, 2001, all documents, communications, and electronically stored information sent to, or received from, BNP Paribas S.A. or any subsidiary or affiliated financial institution or any "unaffiliated Regional Banks" relating, in any manner, to U.S. sanctions against Sudan.

**OBJECTION:**  In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to the time period set forth in this Request as overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).   Specifically, the Request calls for documents and information relating to a time period that predates the date of the commencement of this action and the date Plaintiffs obtained their default judgment.  In addition, the Request appears to be asserted for the improper purpose of seeking merits discovery and documents and/or

information that Plaintiffs appear to believe might assist their participation in any remission or restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States.  For these reasons, Sudan further objects to the subject-matter of the information requested.  Even assuming that the Request could be reasonably construed as seeking documents and information that could lead to the discovery of attachable assets in the United States (which it cannot), any documents or information concerning property in or transiting through the United States or a U.S. financial institution wherever located for the stated time-period should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA.  Sudan further objects to this Request as vague and ambiguous as to who Plaintiffs mean may have "sent" or "received" "all documents, communications, and electronically stored information" to or from BNP Paribas S.A. Assuming Plaintiffs mean "Sudan" as defined in Definition A above, Sudan objects on the basis of its Objection to that Definition.  Sudan further objects to this Request as vague, ambiguous, and overly broad as to the phrase "U.S. sanctions against Sudan."  Sudan also objects to this request as vague, ambiguous, and overly broad as to the phrase "any subsidiary or affiliated financial institution or any 'unaffiliated Regional Banks.'"

**REQUEST NO. 3:**   All account opening documents, transaction histories, records of electronic funds transfers, documents, communications, and electronically stored information relating to the accounts referenced in Paragraph 17 and Footnote 4 of the stipulated Consent Order between the New York State Department of Financial Services and BNP Paribas S.A. which were established at BNP Paribas S.A. or any subsidiary or affiliated financial institution or at unaffiliated Regional Banks. Paragraph 17 and Footnote 4 of the Consent Order state:

> "Soon after the imposition of U.S. sanctions against Sudan in 1997, BNPP Geneva established account relationships with unaffiliated regional banks ('Regional Banks') located in Africa, Europe and the Middle East, eventually nine in all, some with no other business purpose than to clear payments for Sudanese clients. The accounts with the Regional Banks were created and established to provide a means to circumvent U.S. sanctions (emphasis added).

\*\*\*

Footnote 4: "In the account opening documentation for these banks the following notation appeared: 'As requested, we hereby confirm that we wish to open the account to facilitate transfers of funds for our mutual Sudanese customers.'"

**OBJECTION:**   In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to the time period set forth in this Request as overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA.   As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).   Specifically, the Request calls for documents and information relating to a time period that predates the date of the commencement of this action and the date Plaintiffs obtained their default judgment.   In addition, the Request appears to be asserted for the improper purpose of seeking merits discovery and documents and/or information that Plaintiffs appear to believe might assist their participation in any remission or restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States.   For these reasons, Sudan further objects to the subject-matter of the information requested.   Even assuming that the Request could be reasonably construed as seeking documents and information that could lead to the discovery of attachable assets in the United States (which it cannot), any documents or information concerning property in or transiting through the United States or a U.S. financial institution wherever located for the stated time-period should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA.   Sudan further objects to this Request as vague and ambiguous as to whose account information Plaintiffs are seeking.   Assuming Plaintiffs mean

"Sudan" as defined in Definition A above, Sudan objects on the basis of its Objection to that

Definition.  Sudan also objects to this Request as vague, ambiguous, and imprecise as to the

term "unaffiliated Regional Banks."  Moreover, the phrase "unaffiliated Regional Banks" does

not appear in either paragraph 17 or footnote 4 of the stipulated Consent Order.  Sudan further

objects to this Request to the extent that it suggests Sudan was in any manner complicit in any

unlawful conduct or that Sudan is required to take a position as to BNP Paribas's admissions in

the stipulated Consent Order therein referenced, and consequently Sudan objects to the

production of any documents or information pursuant to this Request to the extent that it may

constitute any acquiescence in BNP Paribas's admissions.  Sudan also objects to the phrase "any

subsidiary or affiliated financial institution" as vague, ambiguous and overly broad.

**REQUEST NO. 4:**    All directions, instructions, documents, electronically stored information, communications which the Bank of Sudan sent to Sudanese banks from November 1, 1997 to October 31, 2001 directing or requesting such banks to use BNP Paribas-Geneva. Further description of that direction or communication is set forth at Paragraph 19 of the stipulated Statement of Facts in support of BNP Paribas S.A.'s guilty plea in federal court in New York in July 2014. Paragraph 19 states:

> "**In 1997, shortly after the imposition of U.S. sanctions against Sudan, BNPP Geneva agreed to become the sole correspondent bank in Europe for Sudanese Government Bank 1 [The Central Bank of Sudan or the Bank of Sudan], which, as noted above, was designated by OFAC as SDN.** [The Sudanese Central Bank] then directed all major commercial banks located in Sudan to use BNPP Geneva as their primary correspondent bank in Europe. **As a result, all or nearly all major Sudanese banks had U.S. dollar accounts with BNPP Geneva.** In addition to processing U.S. dollar transactions, in 2000, BNPP Geneva also developed a business in letters of credit for Sudanese banks. Due to its role in financing Sudan's export of oil, BNPP Geneva took on a central role in Sudan's foreign commerce market." (emphasis added)

**OBJECTION:**  In addition to the foregoing General Objections, Objections to Definitions and

Objections to Instructions, which are expressly incorporated herein, Sudan objects to the time

period set forth in this Request as overly broad, unduly burdensome, oppressive and not

reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States

under the FSIA. As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2). Specifically, the Request calls for documents and information relating to a time period that predates the date of the commencement of this action and the date Plaintiffs obtained their default judgment. In addition, the Request appears to be asserted for the improper purpose of seeking merits discovery and documents and/or information that Plaintiffs appear to believe might assist their participation in any remission or restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States. For these reasons, Sudan further objects to the subject-matter of the information requested. Even assuming that the Request could be reasonably construed as seeking documents and information that could lead to the discovery of attachable assets in the United States (which it cannot), any documents or information concerning property in or transiting through the United States or a U.S. financial institution wherever located for the stated time-period should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA. Sudan further objects to this Request to the extent that it suggests Sudan was in any manner complicit in any unlawful conduct or that Sudan is required to take a position as to BNP Paribas's admissions in the stipulated Consent Order therein referenced, and consequently Sudan objects to the production of any documents or information pursuant to this Request to the extent that it may constitute any acquiescence in BNP Paribas's admissions. Sudan further objects to this Request on the basis that it seeks documents and information from the Bank of Sudan, which is not a party to the default judgment and is immune from the jurisdiction of this Court, including, but not limited to, for the purposes of post-

judgment discovery.   Sudan also objects on the basis that the Bank of Sudan's property is

immune or execution.

**REQUEST NO. 5:**   All documents, communications, and electronically stored information relating, in any manner, to the following facts or scheme set forth in Paragraphs 22 and 23 of the stipulated Statement of Facts in support of BNP Paribas S.A.'s criminal guilty plea in federal court in New York :

> "22. In order to avoid having transactions identified and blocked by filters at banks in the United States, beginning at least as early as 2002 and continuing through 2007, BNPP agreed with Sanctioned Entities in Sudan not to mention their names in U.S. dollar transactions processed through the United States. For example, when conducting U.S. dollar business with BNPP, the Sanctioned Entities frequently instructed BNPP not to mention the names of the Sanctioned Entities in wire transfer messages, which BNPP then agreed to do. In many instances, the instructions specifically referenced the U.S. embargo. For example: 'due to the US embargo on Sudan, please [debit our U.S. dollar account] without mentioning our name in your payment order' and 'transfer the sum of USD 900,000 . . . without mentioning our name - repeat without mentioning our name under swift confirmation to US.' Such payment messages frequently bore stamps from BNPP employees stating: 'ATTENTION: US EMBARGO.' At times, BNPP front Office employees directed BNPP back office employees processing transactions with Sudanese Sanctioned Entities to omit any reference to Sudan: '! Payment in $ to [French Bank 1] without mentioning Sudan to N.Y. !!!' Indeed, until 2004, BNPP's internally published policy for processing U.S. dollar payments involving Sudan stated: 'Do not list in any case the name of Sudanese entities on messages transmitted to American banks or to foreign banks installed in the U.S.'
>
> 23. In addition to omitting references to Sudan in U.S. dollar payment messages, another method used by BNPP Geneva to evade the U.S. embargo against Sudan involved, as noted above, the use of unaffiliated, non-Sudanese, non-U.S. banks (referred to internally at BNPP Geneva as 'satellite banks') to help disguise the true nature of transactions with sanctioned Sudanese banks. BNPP Geneva began its relationship with many of these satellite banks shortly after the imposition of U.S. sanctions against Sudan in 1997, and the vast majority of the satellite banks' business with BNPP Geneva involved facilitating U.S. dollar payments for sanctioned Sudanese banks."

**OBJECTION:**   In addition to the foregoing General Objections, Objections to Definitions and

Objections to Instructions, which are expressly incorporated herein, Sudan objects to the time

period set forth in this Request as overly broad, unduly burdensome, oppressive and not

reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States

under the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).   Specifically, the Request calls for documents and information relating to a time period that predates the date of the commencement of this action and the date Plaintiffs obtained their default judgment.  In addition, the Request appears to be asserted for the improper purpose of seeking merits discovery and documents and/or information that Plaintiffs appear to believe might assist their participation in any remission or restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States.  For these reasons, Sudan further objects to the subject-matter of the information requested.  Even assuming that the Request could be reasonably construed as seeking documents and information that could lead to the discovery of attachable assets in the United States (which it cannot), any documents or information concerning property in or transiting through the United States or a U.S. financial institution wherever located for the stated time-period should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA.  Sudan further objects to this Request to the extent that it suggests Sudan was in any manner complicit in any unlawful conduct or that Sudan is required to take a position as to BNP Paribas's admissions in the stipulated Consent Order therein referenced, and consequently Sudan objects to the production of any documents or information pursuant to this Request to the extent that it may constitute any acquiescence in BNP Paribas's admissions.

**REQUEST NO. 6:**   For the period from November 1, 1997 through October 31, 2001, all SWIFT records, documents, communications, and electronically stored information relating, in any manner, to any financial transaction through the United States or any United States financial institution on behalf of the Government of Sudan, including but not limited to any financial transaction conducted or facilitated by BNP Paribas S.A. or any subsidiary or affiliated financial institution or by an unaffiliated Regional Bank.

**OBJECTION:**  In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to the time period set forth in this Request as overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).  Specifically, the Request calls for documents and information relating to a time period that predates the date of the commencement of this action and the date Plaintiffs obtained their default judgment.  In addition, the Request appears to be asserted for the improper purpose of seeking merits discovery and documents and/or information that Plaintiffs appear to believe might assist their participation in any remission or restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States.  For these reasons, Sudan further objects to the subject-matter of the information requested.  Even assuming that the Request could be reasonably construed as seeking documents and information that could lead to the discovery of attachable assets in the United States (which it cannot), any documents or information concerning property in or transiting through the United States or a U.S. financial institution wherever located for the stated time-period should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA.  Sudan also objects to the phrase "unaffiliated Regional Banks" as vague, ambiguous.  Sudan also objects to the phrase "any subsidiary or affiliated financial institution" as vague, ambiguous and overly broad.

**REQUEST NO. 7:**  From November 1, 1997 through October 31, 2001, all SWIFT records, documents, communications, and electronically stored information relating, in any manner, to any financial transaction through the United States or any United States financial institution wherever located on behalf of Al Shamal Islamic Bank, Tadamon Islamic Bank, Faisal Islamic

22

Bank-Sudan, Bank of Almusia, or any other financial institution owned or controlled by one of the preceding financial institutions.

**OBJECTION:** In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, Sudan objects to the time period set forth in this Request as overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA. As such, the discovery is not "[i]n aid of the judgment or execution" within the meaning of Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2). Specifically, the Request calls for documents and information relating to a time period that predates the date Plaintiffs obtained their default judgment. In fact, the Request predates the date of the commencement of this action. Moreover, the Request appears to be asserted for the improper purpose of seeking merits discovery and documents and information that Plaintiffs appear to believe may assist in their participation of the settlement between BNP Paribas S.A. and the United States. For these reasons, Sudan further objects to the subject-matter of the information requested. Even assuming that the Request could be reasonably construed as seeking documents and information that could lead to the discovery of attachable assets in the United States (which it cannot), any documents or information concerning property in or transiting through the United States or a U.S. financial institution wherever located for the stated time-period should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA. Sudan objects to this Request as vague and ambiguous as to whom the request is directed. Sudan further objects to this Request on the basis that documents and information concerning financial transactions on behalf of the named financial institutions and "any other financial institution owned or controlled by one of" the named financial institutions is not reasonably calculated to lead to attachable assets in United States. In addition, Sudan objects to

23

the overly broad and ambiguous nature of the phrase "any other financial institution owned or controlled by one of the previously named financial institutions." Sudan objects to this Request to the extent it would cause Sudan to violate or cause another to violate any law of any applicable jurisdiction protecting the privacy of and/or prohibiting the disclosure of any information, including laws prohibiting disclosures by financial institutions of their customers' personal or account information.

**REQUEST NO. 8:**   From November 1, 1997 through October 31, 2001, all documents, communications, and electronically stored information sent to, or received from, any "Co-conspirator" relating, in any manner, to the imposition, avoidance, or circumvention of U.S. sanctions against Sudan.

**OBJECTION:**   In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to the time period set forth in this Request as overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA. As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).   Specifically, the Request calls for documents and information relating to a time period that predates the date of the commencement of this action and the date Plaintiffs obtained their default judgment. In addition, the Request appears to be asserted for the improper purpose of seeking merits discovery and documents and/or information that Plaintiffs appear to believe might assist their participation in any remission or restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States. For these reasons, Sudan further objects to the subject-matter of the information requested. Even assuming that the Request could be reasonably construed as seeking documents and information that could lead to

the discovery of attachable assets in the United States (which it cannot), any documents or information concerning property in or transiting through the United States or a U.S. financial institution wherever located for the stated time-period should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA. Sudan further objects to this Request as vague and ambiguous as to who Plaintiffs mean may have "sent" or "received" "all documents, communications, and electronically stored information" to or from any "Co-conspirator." Assuming Plaintiffs mean "Sudan" as defined in Definition A above, Sudan objects on the basis of its Objection to that Definition. Sudan objects to this Request to the extent that it suggests that any of the named persons or entities in Definition G were in fact "Co-conspirators" of Sudan; Sudan has not been found by this Court to have been part of any conspiracy in respect of the 1998 Embassy bombings or involving any of listed "Co-conspirators." Sudan further objects to this Request to the extent that it suggests that Sudan provided material support or resources to any individual, entity or organization listed in Definition G for the attacks in Tanzania or Kenya. Sudan also objects to this Request as overly broad, unduly burdensome and oppressive on the basis that it attempts to extend the scope of Plaintiffs' Requests to documents and information in the possession, custody, or control of individuals, agencies, or entities other than Sudan. Sudan further objects to this Request on the basis that it is argumentative and incorporates legal conclusions, to which no response is required. Specifically, the request requires a legal conclusion as to whether documents or information relate to "the imposition, avoidance, or circumvention of U.S. sanctions against Sudan." Sudan objects to this Request to the extent it would cause Sudan to violate or cause another to violate any law of any applicable jurisdiction protecting the privacy of and/or prohibiting the disclosure of any information, including laws

prohibiting disclosures by financial institutions of their customers' personal or account information.

**REQUEST NO. 9:**   For the Relevant Period, all documents, communications, and electronically stored information, including all SWIFT records, relating to any financial transaction, property, or investment in or conducted through the United States on behalf of Al-Hijrah Construction and Development, Ltd.; Wadi al Aqiq; al Themar; al Damazine; Taba Investment Limited; Khartoum Tannery; the Haramain Islamic Foundation; the al Wafa organization; Hasan al-Turabi; the National Congress Party of the National Islamic Front; or Sudanese President Omar al-Bashir.

**OBJECTION:**   In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to the time period set forth in this Request as overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA. As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2). Specifically, the Request calls for documents and information relating to a time period that predates the date of the commencement of this action and the date Plaintiffs obtained their default judgment. In addition, the Request appears to be asserted for the improper purpose of seeking merits discovery and documents and/or information that Plaintiffs appear to believe might assist their participation in any remission or restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States. For these reasons, Sudan further objects to the subject-matter of the information requested. Even assuming that the Request could be reasonably construed as seeking documents and information that could lead to the discovery of attachable assets in the United States (which it cannot), any documents or information concerning property in or transiting through the United States or a U.S. financial

institution wherever located for the stated time-period should be obtained by Plaintiffs from
OFAC pursuant to § 1610(f) of the FSIA. Sudan further objects to this Request on the basis that
documents and information concerning financial transactions on behalf of the named entities
and individuals is not reasonably calculated to lead to attachable assets in United States. Sudan
objects to this Request to the extent it would cause Sudan to violate or cause another to violate
any law of any applicable jurisdiction protecting the privacy of and/or prohibiting the disclosure
of any information, including laws prohibiting disclosures by financial institutions of their
customers' personal or account information.

**REQUEST NO. 10:** Copies of any "Suspicious Activity Report" (also known as a SAR) or
FinCEN Form 111 received, directly or indirectly, from BNP Paribas S.A. or any subsidiary or
affiliated financial institution or an unaffiliated Regional Bank during the Relevant Period.

**OBJECTION:** In addition to the foregoing General Objections, Objections to Definitions and
Objections to Instructions, which are expressly incorporated herein, Sudan objects to the time
period set forth in this Request as overly broad, unduly burdensome, oppressive and not
reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States
under the FSIA. As such, the discovery is not "[i]n aid of the judgment or execution" under
Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery
under Rules 26(b)(1) and 69(a)(2). Specifically, the Request calls for documents and
information relating to a time period that predates the date of the commencement of this action
and the date Plaintiffs obtained their default judgment. In addition, the Request appears to be
asserted for the improper purpose of seeking merits discovery and documents and/or
information that Plaintiffs appear to believe might assist their participation in any remission or
restitution process established by the United States in respect of the forfeited funds pursuant to
the settlement between BNP Paribas S.A. and the United States. For these reasons, Sudan

further objects to the subject-matter of the information requested.  Even assuming that the Request could be reasonably construed as seeking documents and information that could lead to the discovery of attachable assets in the United States (which it cannot), any documents or information concerning property in or transiting through the United States or a U.S. financial institution wherever located for the stated time-period should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA.  Sudan further objects to this Request as vague and ambiguous as to who Plaintiffs mean may have "received" "any "Suspicious Activity Report" (also known as a SAR) or FinCEN Form 111" from BNP Paribas S.A.  Assuming Plaintiffs mean "Sudan" as defined in Definition A above, Sudan objects on the basis of its Objection to that Definition.  The Request is further vague and ambiguous as to the phrase "any subsidiary or affiliated financial institution or an unaffiliated Regional Bank."

**REQUEST NO. 11:**  From January 2014 until the present, all documents, communications, and electronically stored information received from, or sent to, directly or indirectly BNP Paribas S.A. or any subsidiary or affiliated financial institution or an unaffiliated Regional Bank relating, any manner, to:

> i.) the U.S. investigation of BNP Paribas S.A. or the resulting guilty plea in United States v. BNP Paribas, S.A., 14-cr-00460-LGS (S.D.N.Y. 2014);

> ii.) the financial penalties imposed in connection with the settlement agreements between BNP Paribas S.A. and the U.S. Department of Treasury/Office of Foreign Assets Control ("OFAC"), the New York County District Attorney's Office, and the New York State Department of Financial Services; or

> iii.) any agreement or understanding with BNP Paribas S.A. or any subsidiary or affiliated financial institution or an unaffiliated Regional Bank to share costs or expenses or to make reimbursement for any penalties or forfeitures imposed in relation to United States v. BNP Paribas, S.A., 14-cr-00460-LGS (S.D.N.Y. 2014), the administrative actions brought against BNP Paribas S.A. by OFAC, the New York District Attorney's Office, and the New York Department of Financial Services, or any other related civil or administrative action against BNP Paribas S.A. or any subsidiary or affiliated financial institution or unaffiliated Regional Bank.

**OBJECTION:** In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to the time period set forth in this Request as overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA. As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2). Specifically, the Request calls for documents and information relating to a time period that predates the date of the commencement of this action and the date Plaintiffs obtained their default judgment. In addition, the Request appears to be asserted for the improper purpose of seeking merits discovery and documents and/or information that Plaintiffs appear to believe might assist their participation in any remission or restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States. For these reasons, Sudan further objects to the subject-matter of the information requested. Even assuming that the Request could be reasonably construed as seeking documents and information that could lead to the discovery of attachable assets in the United States (which it cannot), any documents or information concerning property in or transiting through the United States or a U.S. financial institution wherever located for the stated time-period should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA. Sudan objects to this Request as vague and ambiguous as to who received any "documents, communications, and electronically stored information." Assuming Plaintiffs mean "Sudan" as defined in Definition A above, Sudan objects on the basis of its Objection to that Definition. Sudan also objects to the phrase "agreement or understanding" as vague and ambiguous. Sudan objects to this Request as overly

29

burdensome on the basis that it calls for documents and information that is publicly or commercially available and more readily available through third parties.  Sudan objects to this Request to the extent it would cause Sudan to violate or cause another to violate any law of any applicable jurisdiction protecting the privacy of and/or prohibiting the disclosure of any information, including laws prohibiting disclosure by financial institutions of their customers' personal or account information.

**REQUEST NO. 12:** During the Relevant Period, all documents, communications and electronically stored information sufficient to identify all accounts; investments; securities; credits; assets; real, personal, or intangible property; and any interest in property (of any nature whatsoever, direct or indirect) of the Government of Sudan, which is or was (i) present within the United States, (ii) transferred through the United States, or (iii) within the full or partial custody, control, management, supervision, or possession of a United States person.

**OBJECTION:**  In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to the time period set forth in this Request as overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).   Specifically, the Request calls for documents and information relating to a time period that predates the date of the commencement of this action and the date Plaintiffs obtained their default judgment.  In addition, the Request appears to be asserted for the improper purpose of seeking merits discovery and documents and/or information that Plaintiffs appear to believe might assist their participation in any remission or restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States.  For these reasons, Sudan further objects to the subject-matter of the information requested.  Even assuming that the

30

Request could be reasonably construed as seeking documents and information that could lead to the discovery of attachable assets in the United States (which it cannot), any documents or information concerning property in or transiting through the United States or a U.S. financial institution wherever located for the stated time-period should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA.  Sudan objects to the phrase "United States person" as vague and ambiguous.  Sudan objects to this Request to the extent it would cause Sudan to violate or cause another to violate any law of any applicable jurisdiction protecting the privacy of and/or prohibiting the disclosure of information, including laws prohibiting disclosure by financial institutions of their customers' personal or account information.

**REQUEST NO. 13:**  All documents, communications and electronically stored information sufficient to identify all signatories, the stated purpose, the opening and closing dates, and source of funds for all accounts, investments, securities, credits, assets, real/personal/or intangible property, and any interest in property (of any nature whatsoever, direct or indirect) of the Government of Sudan identified in response to Document Request 12.

**OBJECTION:**  In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to the time period set forth in this Request as overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).   Specifically, the Request calls for documents and information relating to a time period that predates the date of the commencement of this action and the date Plaintiffs obtained their default judgment.  In addition, the Request appears to be asserted for the improper purpose of seeking merits discovery and documents and/or information that Plaintiffs appear to believe might assist their participation in any remission or

31

restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States. For these reasons, Sudan further objects to the subject-matter of the information requested. Even assuming that the Request could be reasonably construed as seeking documents and information that could lead to the discovery of attachable assets in the United States (which it cannot), any documents or information concerning property in or transiting through the United States or a U.S. financial institution wherever located for the stated time-period should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA. Sudan objects to this Request as vague and ambiguous as to who received any "documents, communications, and electronically stored information." Assuming Plaintiffs mean "Sudan" as defined in Definition A above, Sudan objects on the basis of its Objection to that Definition. Sudan objects to this Request to the extent it would cause Sudan to violate or cause another to violate any law of any applicable jurisdiction protecting the privacy of and/or prohibiting the disclosure by financial institutions of their customers' personal or account information.

**REQUEST NO. 14:** All documents, communications, and electronically stored information sufficient to identify the balance, value, transactional histories, custodians, nominees, and legal and beneficial owners or joint owners relating to all accounts, investments, securities, credits, assets, real/personal/or intangible property, and any interest in property (of any nature whatsoever, direct or indirect) of the Government of Sudan identified in response to Document Request 12.

**OBJECTION:** In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to the time period set forth in this Request as overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA. As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery

under Rules 26(b)(1) and 69(a)(2). Specifically, the Request calls for documents and information relating to a time period that predates the date of the commencement of this action and the date Plaintiffs obtained their default judgment. In addition, the Request appears to be asserted for the improper purpose of seeking merits discovery and documents and/or information that Plaintiffs appear to believe might assist their participation in any remission or restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States. For these reasons, Sudan further objects to the subject-matter of the information requested. Even assuming that the Request could be reasonably construed as seeking documents and information that could lead to the discovery of attachable assets in the United States (which it cannot), any documents or information concerning property in or transiting through the United States or a U.S. financial institution wherever located for the stated time-period should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA. Sudan objects to this Request as duplicative of Request Nos. 12 and 13. Sudan objects to this Request to the extent it would cause Sudan to violate or cause another to violate any law of any applicable jurisdiction protecting the privacy of and/or prohibiting the disclosure of information, including laws prohibiting disclosure by financial institutions of their customers' personal or account information.

**REQUEST NO. 15:** During the Relevant Period, all documents, communications, and electronically stored information relating, in any manner, to any financial transaction, wire transfer, account, investment, security, credit, asset, real/personal/or intangible property, and any interest in property (of any nature whatsoever, direct or indirect) provided to, obtained from, maintained for, or held in common with any Co-conspirator that is or was (i) present within the United States, (ii) transferred through the United States, or (iii) within the full or partial custody, control, management, supervision, or possession of a United States person.

**OBJECTION:** In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to the time

period set forth in this Request as overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA. As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2). Specifically, the Request calls for documents and information relating to a time period that predates the date of the commencement of this action and the date Plaintiffs obtained their default judgment. In addition, the Request appears to be asserted for the improper purpose of seeking merits discovery and documents and/or information that Plaintiffs appear to believe might assist their participation in any remission or restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States. For these reasons, Sudan further objects to the subject-matter of the information requested. Even assuming that the Request could be reasonably construed as seeking documents and information that could lead to the discovery of attachable assets in the United States (which it cannot), any documents or information concerning property in or transiting through the United States or a U.S. financial institution wherever located for the stated time-period should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA. Sudan objects to this Request to the extent that it suggests that any of the named persons or entities in Definition G were in fact "Co-conspirators" of Sudan; Sudan has not been found by this Court to have been part of any conspiracy in respect of the 1998 Embassy bombings or involving any of listed "Co-conspirators." Sudan further objects to this Request to the extent that it suggests that Sudan provided material support or resources to any individual, entity or organization listed above for the attacks in Tanzania or Kenya. Sudan also objects to this Request as overly broad, unduly burdensome and oppressive

34

on the basis that it attempts to extend the scope of Plaintiffs' Requests to documents and information in the possession, custody, or control of individuals, agencies, or entities other than Sudan. Sudan also objects to this Request as overly broad, unduly burdensome and oppressive on the basis that it seeks "all documents, communications, and electronically stored information relating, in any manner, to any financial transaction, wire transfer, account, investment, security, credit, asset, real/personal/or intangible  property, and any interest in property (of any nature whatsoever, direct or indirect)." Sudan objects to this Request as duplicative of Request Nos. 12 through 14. Sudan objects to this Request as vague and ambiguous as to who "provided," "obtained," "maintained" or "held in common" "any financial transaction . . . . ." Sudan objects to this Request to the extent it would cause Sudan to violate or cause another to violate any law of any applicable jurisdiction protecting the privacy of and/or prohibiting the disclosure by financial institutions of their customers' personal or account information.

November 4, 2015

Respectfully submitted,

**WHITE & CASE**LLP

/s/ Christopher M. Curran
Christopher M. Curran (D.C. Bar No. 408561)
Nicole Erb (D.C. Bar No. 466620)
Claire A. DeLelle (D.C. Bar No. 974945)
701 Thirteenth Street, N.W.
Washington, D.C., 20005-3807
(202) 626-3600
cucrran@whitecase.com
nerb@whitecase.com
claire.delelle@whitecase.com

*Attorneys for the Republic of the Sudan*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th of November, 2015, I caused the foregoing Objections to Plaintiffs Request for Production of Documents and Electronically Stored Information to be served via UPS to the following:

Steven R. Perles
Edward B. MacAllister
Perles Law Firm, PC
1050 Connecticut Avenue, NW
10th Floor
Washington, D.C. 20036
T: 202-955-9055
F: 202-772-3101
sperles@perleslaw.com
emacallister@perleslaw.com

William Rufus Wheeler, Jr.
Wheeler & Franks Law Firm, P.C.
Tupelo, MS 38802
P.O. Box 681
T: 662-842-0380
F: 662-842-7491
wwheeler@wheelerfrankslaw.com

John Arthur Eaves, Jr.
Eaves Law Firm
101 North State Street
Jackson, MS 39201
T: 601-355-7961
F: 601-355-0530
johnjr@eaveslaw.com

Michael J. Miller, Esq.
The Miller Firm, LLC
108 Railroad Avenue
Orange, VA 22960
T: 540-672-4224
F: 540-672-3055

Gavriel Mairone
MM Law LLC
980 North Michigan Ave., Suite 1400
Chicago, IL 60611

Allen L. Rothenberg
Law Firm of Allen L. Rothenberg
1420 Walnut Street, 2nd Floor
Philadelphia, PA 19102

**WHITE & CASE**ᴸᴸᴾ

/s/ Christopher M. Curran
Christopher M. Curran (D.C. Bar No. 408561)
701 Thirteenth Street, N.W.
Washington, D.C., 20005-3807
(202) 626-3600
ccurran@whitecase.com

*Attorney for the Republic of the Sudan*