**WHITE & CASE**

February 3, 2016

<u>VIA UPS AND EMAIL</u>

David J. Dickens
The Miller Firm, LLC
108 Railroad Avenue
Orange, VA 22960

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
**T** +1 202 626 3600

whitecase.com

Re:    *Wamai v. Republic of Sudan*, No. 08-1349 (D.D.C.); *Amduso v. Republic of Sudan*, No. 08-1361 (D.D.C.); *Onsongo v. Republic of Sudan*, No. 08-1380 (D.D.C.); *Opati v. Republic of Sudan*, No. 12-1224 (D.D.C.)

Dear David:

Enclosed please find Sudan's Objections to Plaintiffs' Notice of Deposition Pursuant to Rule 30(b)(6) and its Exhibit A titled, Areas of Designation and Inquiry.  We are available to meet-and-confer this Friday, or another mutually convenient time during the week of February 8.  Please email or call me to schedule the meet-and-confer.

Sincerely,

Claire A. DeLelle

cc:    Michael J. Miller
       Steven R. Perles
       Edward B. MacAllister
       Gavriel Mairone
       William Wheeler
       John Arthur Eaves, Sr.
       Allen L. Rothenberg
       Christopher M. Curran
       Nicole Erb

Enclosure (1)

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WINFRED WAIRIMU WAMAI, | ) | |
| MILLY MIKALI AMDUSO, | ) | |
| JUDITH ABASI MWILA, | ) | |
| MARY ONSONGO, | ) | |
| MONICAH OKOBA OPATI, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| *v.* | ) | Civil Action Nos. 08-1349, |
| | ) | 08-0136, 08-1377, 08-1380, 12-1224 (JDB) |
| | ) | |
| REPUBLIC OF SUDAN, *et al.*, | ) | |
| *Defendants.* | ) | |
| | ) | |

## SUDAN'S OBJECTIONS TO PLAINTIFFS'
## NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)

Defendant the Republic of the Sudan ("Sudan"), by and through undersigned counsel, hereby objects to Plaintiffs' Notice of Deposition Pursuant to Rule 30(b)(6) ("Deposition Notice"), dated January 8, 2016.

## GENERAL OBJECTIONS

1.     Sudan objects to Plaintiffs' Deposition Notice because Sudan is immune from the subject-matter and personal jurisdiction of this Court pursuant to the Foreign Sovereign Immunities Act of 1976, as amended ("FSIA").

2.     Sudan objects to Plaintiffs' Deposition Notice because Sudan's property and interests in property wherever located are immune from attachment and execution pursuant to the FSIA.

3.      Sudan objects to Plaintiffs' Deposition Notice on the basis that Sudan is immune from post-judgment discovery pursuant to the FSIA.

4.      Sudan objects to Plaintiffs' Deposition Notice because Plaintiffs may not begin attachment or execution efforts upon their default judgment before obtaining an order from this Court under 28 U.S.C. § 1610(c), which Plaintiffs in any event cannot yet seek because (i) they have not completed service of the judgment on all named Defendants in this action pursuant to 28 U.S.C. § 1608(e), *see* Order, *Owens v. Republic of Sudan*, No. 01-cv-2244 (D.D.C. Apr. 1, 2015), Dkt. No. 359; *see also* Aff. Requesting Foreign Mailing, *Onsongo v. Republic of Sudan*, No. 08-cv-01224 (D.D.C. Sept. 16, 2015), Dkt. No. 262 (no subsequent entry confirming transmittal of default judgment to Iranian embassy and no foreign mailing upon Sudan); Aff. Requesting Foreign Mailing, *Wamai v. Republic of Sudan*, No. 08-cv-01349 (D.D.C. Sept. 16, 2015), Dkt. No. 274 (same); Aff. Requesting Foreign Mailing, *Amduso v. Republic of Sudan*, No. 08-cv-01361 (D.D.C. Sept. 15, 2015), Dkt. Nos. 299, 300 (no subsequent entry confirming transmittal of default judgment to Iranian embassy); *Opati v. Republic of Sudan*, No. 12-cv-01224 (D.D.C. Sept. 5, 2015), Dkt. No. 74 (same); (ii) a "reasonable period of time" has not elapsed following entry of judgment (28 U.S.C. § 1610(c)); and (iii) Plaintiffs do not hold a final, non-appealable judgment (*id.*).

5.      Sudan objects to Plaintiffs' Deposition Notice on the basis that Sudan's Motions to Vacate the Default Judgments were filed in April 2015, Mot. Vacate, *Amduso*, No. 08-cv-01361 (D.D.C. Apr. 30, 2015), Dkt. No. 285; Mot. Vacate, *Opati*, No. 12-cv-01224 (D.D.C. Apr. 30, 2015), Dkt. No. 65; Mot. Vacate, *Onsongo*, No. 08-cv-01224 (D.D.C. Apr. 22, 2015), Dkt. No. 252; Mot. Vacate, *Wamai*, No. 08-cv-01349 (D.D.C. Apr. 22, 2015), Dkt. No. 264, that those motions are now pending before this Court, and that therefore Plaintiffs' Deposition Notice

is premature, unduly burdensome, oppressive, wasteful and an unreasonable and inefficient use of judicial and party resources given that the default judgment may be vacated.

6.     Sudan objects to Plaintiffs' Deposition Notice on the basis that an appeal from the default judgment was noticed by Sudan on August 23, 2014 (Dkt. No. 261), and that after Sudan had filed its principal appeal brief Plaintiffs moved for and were granted an indefinite stay of the appeal pending the resolution of Sudan's Motion to Vacate (Order at 2, *Owens v. Islamic Republic of Iran*, No. 14-5105 (D.C. Cir. July 22, 2015)), and that therefore Plaintiffs' Deposition Notice is inequitable, premature, unduly burdensome, wasteful and an unreasonable and inefficient use of judicial and party resources given that Sudan's ability to obtain appellate review of the default judgment, which could be reversed, has been stayed upon Plaintiffs' application.

7.     Sudan objects to Plaintiffs' Deposition Notice to the extent it seeks information concerning assets of Sudan that are immune from execution under the FSIA.

8.     Sudan objects to Plaintiffs' Deposition Notice because it is not proportional to the needs of the case and not reasonably calculated to lead to the discovery of assets that are attachable under the FSIA and therefore the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2).  As a result, the Deposition Notice falls outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).

9.     Sudan objects to Plaintiffs' Deposition Notice to the extent that it purports to call for information concerning any assets of Sudan that are immune from attachment and execution under § 1611.  In particular, but without limitation, Sudan objects to Plaintiffs' Deposition Notice to the extent that it purports to call for information concerning any assets of Sudan that

are the property of a foreign central bank or monetary authority held for its own account pursuant to §§ 1609, 1611(b)(1).

10.     Sudan objects to Plaintiffs' Deposition Notice to the extent that it purports to call for information concerning any assets of Sudan that are immune from attachment and execution under the law of the jurisdiction where such assets may be located.

11.     Sudan objects to Plaintiffs' Deposition Notice to the extent that it purports to call for information concerning assets of Sudan that are immune from requisition or execution under applicable international treaties or agreements, including, but not limited to, the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, and the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261.

12.     Sudan objects to Plaintiffs' Deposition Notice to the extent that it purports to call for information concerning assets of Sudan located outside the United States in a jurisdiction that would not recognize or enforce a United States judgment that (i) was entered upon a party's (or parties') default, (ii) awarded punitive or multiple damages, (iii) was made pursuant to § 1605A, as contrary to the public policy of that foreign state, (iv) is subject to further review, or (v) is unenforceable for any other reason.

13.     Sudan objects to Plaintiffs' Deposition Notice to the extent that it purports to call for information concerning assets of Sudan located outside the United States that would not be subject to attachment or execution in the jurisdiction where such assets are located.

14.     Sudan objects to Plaintiffs' Deposition Notice to the extent that providing any of the information within its scope would violate or cause another to violate any law, privileges and immunities of any applicable jurisdiction, including but not limited to, laws protecting the privacy of and/or prohibiting the disclosure of certain documents or information.

15.     Sudan objects to Plaintiffs' Deposition Notice to the extent that it implicates the principles of international comity, including such principles relating to the burden that this Deposition Notice may cause Sudan, the Deposition Notice's potential for undermining principles of international comity, and the Deposition Notice's potential to be a serious affront to Sudan's sovereignty.

16.     Sudan objects to Plaintiffs' Deposition Notice as overly broad and unduly burdensome to the extent that it purports to call for information that Plaintiffs should obtain from the United States Department of the Treasury, Office of Foreign Assets Control ("OFAC") pursuant to 28 U.S.C. § 1610(f)(2)(A).

17.     Sudan objects to Plaintiffs' Deposition Notice to the extent that it purports to call for information about assets located outside the jurisdiction of the United States on the basis that Rule 69(a)(2) of the Federal Rules of Civil Procedure has no extraterritorial application.

18.     Sudan objects to each item of Plaintiffs' Areas of Designation and Inquiry identified in Exhibit A to the Deposition Notice to the extent that the information it purports to seek is desired for an improper purpose outside of the scope of post-judgment discovery, including but not limited to merits discovery or assisting Plaintiffs' participation in any remission or restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States.

19.     Sudan objects to each of Plaintiffs' Areas of Designation and Inquiry as overly broad and unduly burdensome to the extent that they do not describe the matters for examination with reasonable particularity.

20.     Sudan objects to each of Plaintiffs' Areas of Designation and Inquiry as overly broad and unduly burdensome to the extent that they seek information about assets having a value that is disproportionately small in comparison to the value of the default judgment.

21.     Sudan objects to each of Plaintiffs' Areas of Designation and Inquiry because they are overly broad, vague, ambiguous, oppressive and unduly burdensome.

22.     Sudan objects to each of Plaintiffs' Areas of Designation and Inquiry as overly broad, unduly burdensome and oppressive to the extent that they purport to call for information not within Sudan's possession, custody or control, and concern facts outside Sudan's knowledge.

23.     Sudan objects to each of Plaintiffs' Areas of Designation and Inquiry as overly broad, unduly burdensome and oppressive to the extent that they purport to call for information that is in the public domain or may be more readily obtained from third parties.

24.     Sudan objects to each of Plaintiffs' Areas of Designation and Inquiry to the extent that they seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure and any applicable Local Rules.

25.     Sudan objects to Plaintiffs' Areas of Designation and Inquiry to the extent that they seek the discovery of information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or immunity.   Nothing contained in any of these objections is intended to be, or in any way constitutes, a waiver of any such applicable privilege, protection or immunity.

26.     These General Objections are hereby expressly incorporated in Sudan's Objections to Definitions and Areas of Designation and Inquiry set forth below.

27.     Sudan's objections do not constitute admissions relative to the existence of any documents or information, to the relevance or admissibility of any documents or information, or

to the truth or accuracy of any statement or characterization contained in Plaintiffs' Deposition Notice.  All objections as to relevance, authenticity or admissibility of any document are expressly reserved.

28.     Sudan reserves the right to amend, supplement and/or correct these objections in response to Plaintiffs' Notice of Deposition at any time.

29.     Sudan states that it is amenable to fulfilling any meet-and-confer obligations that may apply.

30.     By stating its general objections and objections to Plaintiffs' Deposition Notice, including as to Definitions and Areas of Designation and Inquiry, Sudan does not waive and hereby reserves all rights, privileges, defenses and immunities.

**OBJECTIONS TO DEFINITIONS**

**DEFINITION A:**   The term "You" "Your," "Sudan" or "Government of Sudan" means the Republic of Sudan, including without limitation all present and former departments, agencies, governmental authorities, institutions, ministries, committees, divisions, state-owned corporations or subsidiaries of such corporations, all state-owned financial institutions including but not limited to the Central Bank of Sudan, and any present and former officials, employees, consultants, agents, accountancies, attorneys and any other person or entity acting or purporting to act on behalf of the Republic of Sudan.

**OBJECTION**:  Sudan objects to this Definition as overly broad and not reasonably calculated to lead to the discovery of information concerning attachable assets of Sudan.  Specifically, the Definition improperly conflates agencies, instrumentalities and other persons and entities with Sudan.  The Definition is further objectionable to the extent that it would require Sudan to provide information held by or related to the Central Bank of Sudan or the Bank of Sudan, the assets of which are specifically "immune from attachment and from execution" pursuant to § 1611(b)(1) of the FSIA.  Sudan objects to the use of the term "former" to the extent its use calls for information relating to a time period that predates the date of the commencement of this

7

action and the date Plaintiffs obtained their default judgment.  The Definition is in any event vague and ambiguous as drafted.

**DEFINITION B:** The term "person" or "persons" means any natural person, corporation, limited corporation, partnership, limited partnership, sole proprietorship, union, association, federation, agency, government unit, or any other entity capable of holding an interest in property.

**OBJECTION**:  Sudan objects to this Definition to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure and any applicable local rules.

**DEFINITION C:** The term "Central Bank of Sudan" means the Government-owned central bank of Sudan, which is also known as the Bank of Sudan, with its principal offices in Khartoum, Sudan and any present or former branches, divisions, subsidiaries, departments, and any present and former officials, employees, consultants, agents, attorneys or any other person or entity acting or purporting to act on behalf of the Republic of Sudan.

**OBJECTION:**  Sudan objects to this Definition as overly broad and not reasonably calculated to lead to the discovery of information concerning attachable assets of Sudan.  Specifically, the Definition improperly conflates the Republic of Sudan, its agents, and any other persons and entities purporting to act on its behalf, with the Central Bank of Sudan or the Bank of Sudan. The Definition is further objectionable to the extent that it would require Sudan to provide information held by or related to the Central Bank of Sudan, the assets of which are specifically "immune from attachment and from execution" pursuant to § 1611(b)(1) of the FSIA.  Sudan objects to the use of the term "former" to the extent its use calls for information relating to a time period that predates the date of the commencement of this action and the date Plaintiffs obtained their default judgment.  The Definition is further objectionable on the grounds that it includes "attorneys" within its scope and thus improperly would include confidential information protected by the work product and attorney-client privileges.  The Definition is in any event vague and ambiguous as drafted.

**DEFINITION D:**   The term "BNP Paribas S.A. or any subsidiary or affiliated financial institution" includes BNP Paribas S.A., BNP Paribas (Suisse) S.A., BNP Paribas North America, BNP Paribas's branch offices in New York, NY, Geneva, Switzerland, Paris, France, and all other financial institutions controlled by or otherwise affiliated with BNP Paribas S.A.

**OBJECTION:**   Sudan objects to this Definition as vague and overly broad to the extent that it

includes "all other financial institutions controlled by or otherwise affiliated with BNP Paribas

S.A." and such information is not reasonably within Sudan's knowledge.

**DEFINITION E:**   The term "financial institution" includes (i) any financial institution as defined in Section 5312(a)(2) of Title 31 of the United States Code and (ii) any foreign bank as defined in Section 1 of the International Banking Act of 1978 (12 U.S.C. § 3101).

**OBJECTION:**   Sudan objects to this Definition as vague and ambiguous, and to the extent that

the Definition as applied to any Area of Designation and Inquiry is unduly burdensome in view

of § 1610(f) of the FSIA.

**DEFINITION F:**   The term "financial transaction" includes any financial transaction as defined in Section 1956(c) of Title 18 of the United States Code.

**OBJECTION:**   Sudan objects to this Definition as vague and ambiguous, and to the extent that

the Definition as applied to any Area of Designation and Inquiry is unduly burdensome in view

of § 1610(f) of the FSIA.

**DEFINITION G:**   The term "financial interest" means anything of monetary value, including, but not limited to equity interests (e.g., stocks, stock options or other ownership interests), interests in real or personal property, interests in intellectual property (e.g., patents, copyrights and royalties from such rights), and entitlements to fees, interest, dividends, royalties, rent, capital gains, or other payments.

**OBJECTION:**   Sudan objects to this Definition as vague and ambiguous, and to the extent that

the Definition as applied to any Area of Designation and Inquiry is unduly burdensome in view

of § 1610(f) of the FSIA.

**DEFINITION H:**   The term "beneficial interest" refers to any right, direct or indirect, to receive benefits on, from, or in relation to assets or property held by another party.

**OBJECTION:**  Sudan objects to this Definition as vague and ambiguous, especially as to the use of the term "benefit," and to the extent that the Definition as applied to any Area of Designation and Inquiry is unduly burdensome in view of § 1610(f) of the FSIA.

**DEFINITION I:**  Unless otherwise specified, the areas of designation and inquiry cover the period from November 3, 1997 and the imposition of economic sanctions by the United States upon Sudan through the present.

**OBJECTION:**  Sudan objects to this Definition as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under of Federal Rule of Civil Procedure 69(a)(2) and is outside the scope of permissible discovery under Rules 26(b)(1).  Specifically, this Definition calls for information relating to a time period that predates the commencement of this action and the date Plaintiffs obtained their default judgments.  In addition, the Definition as applied to any Area of Designation and Inquiry appears to be asserted for the improper purpose of seeking merits discovery and documents and/or information that Plaintiffs appear to believe might assist their participation in any remission or restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States.  Even assuming that the Definition as applied to any Area of Designation and Inquiry could be reasonably construed as seeking information that could lead to the discovery of attachable assets in the United States (which it cannot), any documents or information concerning property in or transiting through the United States or a U.S. financial institution wherever located for the stated time-period should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA.  Sudan also objects to this Definition to the extent that

its application anywhere in the context of Plaintiffs' Deposition Notice would purport to call for

information pertaining to assets not in the possession, custody or control of Sudan.

## OBJECTIONS TO AREAS OF DESIGNATION AND INQUIRY

**AREAS OF DESIGNATION AND INQUIRY 1:** Any interest of any nature whatsoever that Sudan has in property or assets located in the United States, its territories and possessions, or any areas under the jurisdiction or authority of the United States, including but not limited to any financial or beneficial interest in property that Sudan directly or indirectly uses, avails, employs, or puts in service in any manner or to secure indebtedness in any location.

**OBJECTION:** In addition to the foregoing General Objections and Objections to Definitions,

which are expressly incorporated herein, Sudan objects to this Area of Designation and Inquiry

as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and is

therefore outside the scope of permissible discovery under Rule 26(b)(1). Sudan objects to this

Area of Designation and Inquiry because any information concerning Sudan's "interest" in

property or assets located in the United States, its territories and possessions, or any areas under

the jurisdiction or authority of the United States should be obtained by Plaintiffs from OFAC

pursuant to § 1610(f) of the FSIA.

**AREAS OF DESIGNATION AND INQUIRY 2:** Any financial account or property held, in whole or in part, in Sudan's name, for Sudan's account, or in which Sudan holds a financial or beneficial interest wherever located that is used to purchase goods or services from the United States or United States persons, to make payments to United States persons, or to conduct any non-diplomatic activity in the United States.

**OBJECTION:** In addition to the foregoing General Objections and Objections to Definitions,

which are expressly incorporated herein, Sudan objects to this Area of Designation and Inquiry

as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and

not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United

States under the FSIA. Sudan also objects to this Area of Designation and Inquiry because it

calls for information relating to a time period that predates the date of the commencement of this

action, and the date Plaintiffs obtained their default judgment. This Area of Designation and

Inquiry calls for information on Sudan's assets that are immune from attachment because they are located outside the United States or are held by or related to the Central Bank of Sudan or the Bank of Sudan, the assets of which are specifically "immune from attachment and from execution" pursuant to § 1611(b)(1) of the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2) and is outside the scope of permissible discovery under Rule 26(b)(1).  Sudan objects to this Area of Designation and Inquiry because any information concerning Sudan's "interest" in property or assets located in the United States, its territories and possessions, or any areas under the jurisdiction or authority of the United States or in respect of U.S. persons should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA.

**AREAS OF DESIGNATION AND INQUIRY 3:**   Any financial account or any interest in property whatsoever held directly or indirectly by or for the Central Bank of Sudan or any financial institution owned or controlled by the Government of Sudan in the United States, its territories and possessions, or any areas under the jurisdiction or authority of the United States.

**OBJECTION:**   In addition to the foregoing General Objections and Objections to Definitions, which are expressly incorporated herein, Sudan objects to this Area of Designation and Inquiry as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA.  Sudan also objects to this Area of Designation and Inquiry because it calls for information relating to a time period that predates the date of the commencement of this action, and the date Plaintiffs obtained their default judgment.  This Area of Designation and Inquiry calls for information on Sudan's assets that are immune from attachment because they are located outside the United States or are held by or related to the Central Bank of Sudan or the Bank of Sudan, the assets of which are specifically "immune from attachment and from execution" pursuant to § 1611(b)(1) of the FSIA.  As such, the discovery is not "[i]n aid of the

judgment or execution" under Federal Rule of Civil Procedure 69(a)(2) and is outside the scope

of permissible discovery under Rule 26(b)(1).  Sudan objects to this Area of Designation and

Inquiry because any information concerning Sudan's "interest" in property or assets located in

the United States, its territories and possessions, or any areas under the jurisdiction or authority

of the United States should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the

FSIA.  Sudan further objects to this Area of Designation and Inquiry as vague and ambiguous as

to whose "financial account or any interest in property whatsoever" about which Plaintiffs are

seeking information.  Assuming Plaintiffs seek information related to financial accounts or

interest in property belonging to "Sudan," as defined in Definition A above, Sudan objects on the

basis of its Objection to that Definition.  But, assuming Plaintiffs seek information related to

financial accounts or interests in property belonging to persons other than Sudan, Sudan objects

on the basis that such information is outside its possession, custody or control, and concern facts

outside Sudan's knowledge.  Sudan objects to this Area of Designation and Inquiry to the extent

it would cause Sudan to violate or cause another to violate any law of any applicable jurisdiction

protecting the privacy of and/or prohibiting the disclosure of any information, including laws

prohibiting disclosures by financial institutions of their customers' personal or account

information.

**AREAS OF DESIGNATION AND INQUIRY 4:**  Any financial account or property held, in whole or in part, by or for the Central Bank of Sudan or any financial institution owned or controlled by the Government of Sudan wherever located that is used to purchase goods or services from the United States or United States persons, to make payments to United States persons, or to conduct any non-diplomatic activity in the United States.

**OBJECTION:**  In addition to the foregoing General Objections and Objections to Definitions,

which are expressly incorporated herein, Sudan objects to this Area of Designation and Inquiry

as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and

not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United

States under the FSIA.  Sudan also objects to this Area of Designation and Inquiry because it calls for information relating to a time period that predates the date of the commencement of this action, and the date Plaintiffs obtained their default judgment.  This Area of Designation and Inquiry calls for information on Sudan's assets that are immune from attachment because they are located outside the United States or are held by or related to the Central Bank of Sudan or the Bank of Sudan, the assets of which are specifically "immune from attachment and from execution" pursuant to § 1611(b)(1) of the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2) and is outside the scope of permissible discovery under Rule 26(b)(1).  Sudan objects to this Area of Designation and Inquiry because any information concerning Sudan's interest in property or assets located in the United States, its territories and possessions, or any areas under the jurisdiction or authority of the United States should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA.  Sudan further objects to this Area of Designation and Inquiry as vague and ambiguous as to whose "financial account[s] or property" about which Plaintiffs are seeking information. Assuming Plaintiffs seek information related to "financial account[s] or property" belonging to "Sudan," as defined in Definition A above, Sudan objects on the basis of its Objection to that Definition.  But, assuming Plaintiffs seek information related to financial accounts or property belonging to persons other than Sudan, Sudan objects on the basis that such information is outside its possession, custody or control, and concern facts outside Sudan's knowledge.  Sudan objects to this Area of Designation and Inquiry to the extent it would cause Sudan to violate or cause another to violate any law of any applicable jurisdiction protecting the privacy of and/or prohibiting the disclosure of any information, including laws prohibiting disclosures by financial institutions of their customers' personal or account information.

**AREAS OF DESIGNATION AND INQUIRY 5:**  Any financial account or interest in property held, in whole or part, in Sudan's name, or for Sudan's account, or in which Sudan holds a financial or beneficial interest, in the United States or elsewhere, that is used to pay U.S. dollar-denominated obligations, bonds, indebtedness, securities, or contractual debts to any person wherever located.

**OBJECTION:**  In addition to the foregoing General Objections and Objections to Definitions, which are expressly incorporated herein, Sudan objects to this Area of Designation and Inquiry as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA.  Sudan also objects to this Area of Designation and Inquiry because it calls for information relating to a time period that predates the date of the commencement of this action, and the date Plaintiffs obtained their default judgment.  This Area of Designation and Inquiry calls for information on Sudan's assets that are immune from attachment because they are located outside the United States or are held by or related to the Central Bank of Sudan or the Bank of Sudan, the assets of which are specifically "immune from attachment and from execution" pursuant to § 1611(b)(1) of the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2) and is outside the scope of permissible discovery under Rule 26(b)(1).  Sudan objects to this Area of Designation and Inquiry because any information concerning Sudan's "interest" in property or assets located in the United States, its territories and possessions, or any areas under the jurisdiction or authority of the United States should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA.  Sudan further objects to this Area of Designation and Inquiry as vague and ambiguous as to whose "financial account or interest in property" about which Plaintiffs are seeking information.  Assuming Plaintiffs seek information related to financial accounts or interest in property belonging to "Sudan," as defined in Definition A above, Sudan objects on the basis of its Objection to that Definition.  But, assuming Plaintiffs seek information related to financial

accounts or interests in property belonging to persons other than Sudan, Sudan objects on the basis that such information is outside its possession, custody or control, and concern facts outside Sudan's knowledge.  Sudan objects to this Request to the extent it would cause Sudan to violate or cause another to violate any law of any applicable jurisdiction protecting the privacy of and/or prohibiting the disclosure of any information, including laws prohibiting disclosures by financial institutions of their customers' personal or account information.

**AREAS OF DESIGNATION AND INQUIRY 6:**  Any financial account or interest in property held, in whole or in part, in the name or for the benefit of the Central Bank of Sudan or any financial institution owned or controlled by the Government of Sudan wherever located that is used to pay U.S. dollar-denominated obligations, bonds, indebtedness, securities, or contractual debts to any person wherever located.

**OBJECTION:**  In addition to the foregoing General Objections and Objections to Definitions, which are expressly incorporated herein, Sudan objects to this Area of Designation and Inquiry as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA.  Sudan also objects to this Area of Designation and Inquiry because it calls for information relating to a time period that predates the date of the commencement of this action, and the date Plaintiffs obtained their default judgment.  This Area of Designation and Inquiry calls for information on Sudan's assets that are immune from attachment because they are located outside the United States or are held by or related to the Central Bank of Sudan or the Bank of Sudan, the assets of which are specifically "immune from attachment and from execution" pursuant to § 1611(b)(1) of the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2) and is outside the scope of permissible discovery under Rule 26(b)(1).  Sudan objects to this Area of Designation and Inquiry because any information concerning Sudan's "interest" in property or assets located in the United States, its territories and possessions, or any areas under the jurisdiction or authority

16

of the United States should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the

FSIA.  Sudan further objects to this Area of Designation and Inquiry as vague and ambiguous as

to whose "financial account[s] or interest property" about which Plaintiffs are seeking

information.  Assuming Plaintiffs seek information related to financial accounts or interest in

property belonging to "Sudan," as defined in Definition A above, Sudan objects on the basis of

its Objection to that Definition.  But, assuming Plaintiffs seek information related to financial

accounts or interests in property belonging to persons other than Sudan, Sudan objects on the

basis that such information is outside its possession, custody or control, and concern facts outside

Sudan's knowledge.  Sudan objects to this Area of Designation and Inquiry to the extent it would

cause Sudan to violate or cause another to violate any law of any applicable jurisdiction

protecting the privacy of and/or prohibiting the disclosure of any information, including laws

prohibiting disclosures by financial institutions of their customers' personal or account

information.

**AREAS OF DESIGNATION AND INQUIRY 7:**   Any financial account, security, or interest
in property held by or for any Specially Designated National who is an employee, official, or
agent of the Government of Sudan that, in any manner, was purchased by, funded by, invested
in, or contributed to by the Government of Sudan, the Central Bank of Sudan, or any financial
institution owned or controlled by the Government of Sudan (i) in the United States, its
territories and possessions, or any areas under the jurisdiction or authority of the United States or
(ii) with U.S. dollar-denominated funds, financial instruments, bonds, securities, or payments
wherever located.

**OBJECTION:**   In addition to the foregoing General Objections and Objections to Definitions,

which are expressly incorporated herein, Sudan objects to this Area of Designation and Inquiry

as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and

not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United

States under the FSIA.  Sudan also objects to this Area of Designation and Inquiry because it

calls for information relating to a time period that predates the date of the commencement of this

action, and the date Plaintiffs obtained their default judgment.  This Area of Designation and Inquiry calls for information on Sudan's assets that are immune from attachment because they are located outside the United States or are held by or related to the Central Bank of Sudan or the Bank of Sudan, the assets of which are specifically "immune from attachment and from execution" pursuant to § 1611(b)(1) of the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2) and is outside the scope of permissible discovery under Rule 26(b)(1).  Sudan objects to this Area of Designation and Inquiry because any information concerning Sudan's interests in property or assets located in the United States, its territories and possessions, or any areas under the jurisdiction or authority of the United States should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA.  Sudan further objects to this Area of Designation and Inquiry as vague and ambiguous as to whose "accounts, securities, or interest in property" about which Plaintiffs are seeking information.  Assuming Plaintiffs seek information related to financial accounts, securities, or interests in property belonging to "Sudan," as defined in Definition A above, Sudan objects on the basis of its Objection to that Definition.  But, assuming Plaintiffs seek information related to financial accounts or interests in property belonging to persons other than Sudan, Sudan objects on the basis that such information is outside its possession, custody or control, and concern facts outside Sudan's knowledge.  Sudan objects to this Area of Designation and Inquiry to the extent it would cause Sudan to violate or cause another to violate any law of any applicable jurisdiction protecting the privacy of and/or prohibiting the disclosure of any information, including laws prohibiting disclosures by financial institutions of their customers' personal or account information.

**AREAS OF DESIGNATION AND INQUIRY 8:**  The relationship between Sudan and the Central Bank of Sudan, including to what extent the Central Bank of Sudan receives, holds, processes, or distributes funds owned by the Republic of Sudan.

**OBJECTION:**  In addition to the foregoing General Objections and Objections to Definitions, which are expressly incorporated herein, Sudan objects to this Area of Designation and Inquiry as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA.  This Area of Designation and Inquiry calls for information on Sudan's assets that are immune from attachment because they are located outside the United States or are held by or related to the Central Bank of Sudan or the Bank of Sudan, the assets of which are specifically "immune from attachment and from execution" pursuant to § 1611(b)(1) of the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2) and is outside the scope of permissible discovery under Rule 26(b)(1).  Sudan objects to this Area of Designation and Inquiry because any information concerning Sudan's interest in property or assets located in the United States, its territories and possessions, or any areas under the jurisdiction or authority of the United States should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA.

**AREAS OF DESIGNATION AND INQUIRY 9:**  The identity of all financial institutions and correspondent banks used by Sudan, the Central Bank of Sudan, or any financial institution owned or controlled by the Government of Sudan wherever located for the processing of financial transactions within or through the United States or involving U.S. dollar-denominated currency, indebtedness, securities, or accounts.

**OBJECTION:**  In addition to the foregoing General Objections and Objections to Definitions, which are expressly incorporated herein, Sudan objects to this Area of Designation and Inquiry as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA.  Sudan also objects to this Area of Designation and Inquiry because it

19

calls for information relating to a time period that predates the date of the commencement of this action, and the date Plaintiffs obtained their default judgment.  This Area of Designation and Inquiry calls for information on Sudan's assets that are immune from attachment because they are located outside the United States or are held by or related to the Central Bank of Sudan or the Bank of Sudan, the assets of which are specifically "immune from attachment and from execution" pursuant to § 1611(b)(1) of the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2) and is outside the scope of permissible discovery under Rule 26(b)(1).  Sudan objects to this Area of Designation and Inquiry because any information concerning Sudan's interest in property or assets located in the United States, its territories and possessions, or any areas under the jurisdiction or authority of the United States should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA.

**AREAS OF DESIGNATION AND INQUIRY 10:** The identity of all bank accounts established by BNP Paribas at regional banks located in Africa, Europe and the Middle East on behalf of, or at the direction of Sudan, the Central Bank of Sudan, or any financial institution owned or controlled by the Government of Sudan during the period November 3, 1997 through the present.

**OBJECTION:** In addition to the foregoing General Objections and Objections to Definitions, which are expressly incorporated herein, Sudan objects to this Area of Designation and Inquiry as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA.  This Area of Designation and Inquiry calls for information on Sudan's assets that are immune from attachment because they are located outside the United States or are held by or related to the Central Bank of Sudan or the Bank of Sudan, the assets of which are specifically "immune from attachment and from execution" pursuant to § 1611(b)(1) of the

FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2) and is outside the scope of permissible discovery under Rule 26(b)(1).  Sudan objects to this Area of Designation and Inquiry because any information concerning Sudan's interest in property or assets located in the United States, its territories and possessions, or any areas under the jurisdiction or authority of the United States should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA.  Sudan further objects to this Area of Designation and Inquiry as vague and ambiguous as to whose property about which Plaintiffs are seeking information.  Assuming Plaintiffs seek information related to property belonging to "Sudan," as defined in Definition A above, Sudan objects on the basis of its Objection to that Definition.  But, assuming Plaintiffs seek information related to property belonging to persons other than Sudan, Sudan objects on the basis that such information is outside its possession, custody or control, and concern facts outside Sudan's knowledge.  Sudan objects to this Area of Designation and Inquiry to the extent it would cause Sudan to violate or cause another to violate any law of any applicable jurisdiction protecting the privacy of and/or prohibiting the disclosure of any information, including laws prohibiting disclosures by financial institutions of their customers' personal or account information.  Sudan also objects to this Area of Designation and Inquiry because it calls for information relating to a time period that predates the date of the commencement of this action, and the date Plaintiffs obtained their default judgment, and this Area of Designation and Inquiry appears to be asserted for the improper purpose of seeking merits discovery and documents and/or information that Plaintiffs appear to believe might assist their participation in any remission or restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States.

**AREAS OF DESIGNATION AND INQUIRY 11:** Sudan's communications, dealings, and transactions with BNP Paribas or any subsidiary or affiliated financial institution relating to financial transactions through or within the United States or involving U.S. dollar-denominated currency, indebtedness, securities, or accounts for the period of November 3, 1997 to the Present.

**OBJECTION:**   In addition to the foregoing General Objections and Objections to Definitions, which are expressly incorporated herein, Sudan objects to the time period set forth in this Area of Designation and Inquiry as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA.  This Area of Designation and Inquiry calls for information on Sudan's assets that are immune from attachment because they are located outside the United States or are held by or related to the Central Bank of Sudan or the Bank of Sudan, the assets of which are specifically "immune from attachment and from execution" pursuant to § 1611(b)(1) of the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).  Sudan objects to this Area of Designation and Inquiry because any information concerning Sudan's "interest" in property or assets located in the United States, its territories and possessions, or any areas under the jurisdiction or authority of the United States should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA.  Sudan also objects to this Area of Designation and Inquiry because it calls for information relating to a time period that predates the date of the commencement of this action, and the date Plaintiffs obtained their default judgment, and this Area of Designation and Inquiry appears to be asserted for the improper purpose of seeking merits discovery and documents and/or information that Plaintiffs appear to believe might assist their participation in any remission or restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States.

**AREAS OF DESIGNATION AND INQUIRY 12:** The identity, positions, and locations of all persons authorized to make deposits in or withdrawals from any account or fund which falls within the scope of topics 1 through 7 of this Deposition Notice.

**OBJECTION:**  In addition to the foregoing General Objections and Objections to Definitions, which are expressly incorporated herein, Sudan objects to this Area of Designation and Inquiry as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA.  This Area of Designation and Inquiry calls for information on Sudan's assets that are immune from attachment because they are located outside the United States or are held by or related to the Central Bank of Sudan or the Bank of Sudan, the assets of which are specifically "immune from attachment and from execution" pursuant to § 1611(b)(1) of the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2) and is outside the scope of permissible discovery under Rule 26(b)(1).  Sudan objects to this Area of Designation and Inquiry because any information concerning Sudan's "interest" in property or assets located in the United States, its territories and possessions, or any areas under the jurisdiction or authority of the United States should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA.  Sudan further objects to this Area of Designation and Inquiry as vague and ambiguous as to whose financial accounts, securities, or interests in property about which Plaintiffs are seeking information.  Assuming Plaintiffs seek information related to financial accounts, securities, or interest in property belonging to "Sudan," as defined in Definition A above, Sudan objects on the basis of its Objection to that Definition.  But, assuming Plaintiffs seek information related to financial accounts, securities, or interests in property belonging to persons other than Sudan, Sudan objects on the basis that such information is outside its possession, custody or control, and concern facts outside Sudan's knowledge.  Sudan objects to this Area of Designation and Inquiry

23

to the extent it would cause Sudan to violate or cause another to violate any law of any applicable jurisdiction protecting the privacy of and/or prohibiting the disclosure of any information, including laws prohibiting disclosures by financial institutions of their customers' personal or account information.  Sudan also objects to this Area of Designation and Inquiry because it calls for information relating to a time period that predates the date of the commencement of this action, and the date Plaintiffs obtained their default judgment, and this Area of Designation and Inquiry appears to be asserted for the improper purpose of seeking merits discovery and documents and/or information that Plaintiffs appear to believe might assist their participation in any remission or restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States.

**AREAS OF DESIGNATION AND INQUIRY 13:** The identity, positions, and locations of all officials, representatives, agents, and/or employees of the Republic of Sudan with authority to direct, communicate, and respond to BNP Paribas relating to bank accounts and financial transactions on behalf of the Republic of Sudan.

**OBJECTION:**   In addition to the foregoing General Objections and Objections to Definitions, which are expressly incorporated herein, Sudan objects to this Area of Designation and Inquiry as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA.  This Area of Designation and Inquiry calls for information on Sudan's assets that are immune from attachment because they are located outside the United States or are held by or related to the Central Bank of Sudan or the Bank of Sudan, the assets of which are specifically "immune from attachment and from execution" pursuant to § 1611(b)(1) of the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2) and is outside the scope of permissible discovery under Rule

26(b)(1).  Sudan objects to this Area of Designation and Inquiry to the extent it would cause Sudan to violate or cause another to violate any law of any applicable jurisdiction protecting the privacy of and/or prohibiting the disclosure of any information, including laws prohibiting disclosures by financial institutions of their customers' personal or account information.  Sudan also objects to this Area of Designation and Inquiry to the extent it calls for information relating to a time period that predates the date of the commencement of this action, and the date Plaintiffs obtained their default judgment, and this Area of Designation and Inquiry appears to be asserted for the improper purpose of seeking merits discovery and documents and/or information that Plaintiffs appear to believe might assist their participation in any remission or restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States.

**AREAS OF DESIGNATION AND INQUIRY 14:** The identity, positions, and locations of all officials, representatives, agents, and/or employees of the Central Bank of Sudan or any financial institution owned or controlled by the Government of Sudan with authority to direct, communicate, and respond to BNP Paribas relating to bank accounts and financial transactions on behalf of the Republic of Sudan.

**OBJECTION:**  In addition to the foregoing General Objections and Objections to Definitions, which are expressly incorporated herein, Sudan objects to this Area of Designation and Inquiry as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA.  This Area of Designation and Inquiry calls for information on Sudan's assets that are immune from attachment because they are located outside the United States or are held by or related to the Central Bank of Sudan or the Bank of Sudan, the assets of which are specifically "immune from attachment and from execution" pursuant to § 1611(b)(1) of the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2) and is outside the scope of permissible discovery under Rule

26(b)(1).  Sudan objects to this Area of Designation and Inquiry to the extent it would cause Sudan to violate or cause another to violate any law of any applicable jurisdiction protecting the privacy of and/or prohibiting the disclosure of any information, including laws prohibiting disclosures by financial institutions of their customers' personal or account information.  Sudan also objects to this Area of Designation and Inquiry because it calls for information relating to a time period that predates the date of the commencement of this action, and the date Plaintiffs obtained their default judgment, and this Area of Designation and Inquiry appears to be asserted for the improper purpose of seeking merits discovery and documents and/or information that Plaintiffs appear to believe might assist their participation in any remission or restitution process established by the United States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and the United States.

**AREAS OF DESIGNATION AND INQUIRY 15:** The identity, positions, and locations of all persons responsible for selecting or supervising BNP Paribas as a correspondent bank or intermediary bank for the Central Bank of Sudan or any financial institution owned or controlled by the Government of Sudan.

**OBJECTION:**  In addition to the foregoing General Objections and Objections to Definitions, which are expressly incorporated herein, Sudan objects to this Area of Designation and Inquiry as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA.  This Area of Designation and Inquiry calls for information on Sudan's assets that are immune from attachment because they are located outside the United States or are held by or related to the Central Bank of Sudan or the Bank of Sudan, the assets of which are specifically "immune from attachment and from execution" pursuant to § 1611(b)(1) of the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2) and is outside the scope of permissible discovery under Rule

26(b)(1).  Sudan objects to this Area of Designation and Inquiry to the extent it would cause

Sudan to violate or cause another to violate any law of any applicable jurisdiction protecting the

privacy of and/or prohibiting the disclosure of any information, including laws prohibiting

disclosures by financial institutions of their customers' personal or account information.  Sudan

further objects to this Area of Designation and Inquiry as vague and ambiguous as drafted.

Sudan also objects to this Area of Designation and Inquiry because it calls for information

relating to a time period that predates the date of the commencement of this action, and the date

Plaintiffs obtained their default judgment, and this Area of Designation and Inquiry appears to be

asserted for the improper purpose of seeking merits discovery and documents and/or

information that Plaintiffs appear to believe might assist their participation in any remission or

restitution process established by the United States in respect of the forfeited funds pursuant to

the settlement between BNP Paribas S.A. and the United States.

**AREAS OF DESIGNATION AND INQUIRY 16:** Sudan's communications, dealings, and
transactions with BNP Paribas or any subsidiary or affiliated financial institution relating to any
indemnification, reimbursement, contribution, sharing, or payment of any portion of any fine,
penalty, fees, costs, or forfeiture incurred or paid by BNP Paribas arising from its 2014 criminal
guilty plea in the United States District Court for the Southern District of New York or its related
consent agreements with the U.S. Department of Treasury or the State of New York.

**OBJECTION:**  In addition to the foregoing General Objections and Objections to Definitions,

which are expressly incorporated herein, Sudan objects to this Area of Designation and Inquiry

as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and

not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United

States under the FSIA.  This Area of Designation and Inquiry is objectionable to the extent it

calls for information on Sudan's assets that are immune from attachment because they are

located outside the United States or are held by or related to the Central Bank of Sudan or the

Bank of Sudan, the assets of which are specifically "immune from attachment and from

execution" pursuant to § 1611(b)(1) of the FSIA.  As such, the discovery is not "[i]n aid of the

judgment or execution" under Federal Rule of Civil Procedure 69(a)(2) and is outside the scope

of permissible discovery under Rule 26(b)(1).  Sudan objects to this Area of Designation and

Inquiry to the extent it would cause Sudan to violate or cause another to violate any law of any

applicable jurisdiction protecting the privacy of and/or prohibiting the disclosure of any

information, including laws prohibiting disclosures by financial institutions of their customers'

personal or account information.  Sudan further objects to this Area of Designation and Inquiry

as vague and ambiguous as drafted.  Sudan also objects to this Area of Designation and Inquiry

because it calls for information relating to a time period that predates the date of the

commencement of this action, and the date Plaintiffs obtained their default judgment, and

because this Area of Designation and Inquiry appears to be asserted for the improper purpose of

seeking merits discovery and documents and/or information that Plaintiffs appear to believe

might assist their participation in any remission or restitution process established by the United

States in respect of the forfeited funds pursuant to the settlement between BNP Paribas S.A. and

the United States.

**AREAS OF DESIGNATION AND INQUIRY 17:** Any letter of credit, collateral, indebtedness, or security provided by Sudan or on Sudan's behalf, in connection with any non-diplomatic activity (i) in the United States, its territories and possessions, or any areas under the jurisdiction or authority of the United States, or (ii) involving U.S. dollar-denominated currency, indebtedness, or account.

**OBJECTION:**  In addition to the foregoing General Objections and Objections to Definitions,

which are expressly incorporated herein, Sudan objects to this Area of Designation and Inquiry

as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and

not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United

States under the FSIA.  Sudan also objects to this Area of Designation and Inquiry because it

calls for information relating to a time period that predates the date of the commencement of this

action, and the date Plaintiffs obtained their default judgment.  This Area of Designation and Inquiry calls for information on Sudan's assets that are immune from attachment because they are located outside the United States or are held by or related to the Central Bank of Sudan or the Bank of Sudan, the assets of which are specifically "immune from attachment and from execution" pursuant to § 1611(b)(1) of the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).  Sudan objects to this Area of Designation and Inquiry because any information concerning Sudan's "interest" in property or assets located in the United States, its territories and possessions, or any areas under the jurisdiction or authority of the United States should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA.  Sudan further objects to this Area of Designation and Inquiry as vague and ambiguous as to whose property about which Plaintiffs are seeking information.  Assuming Plaintiffs seek information related to property belonging to "Sudan," as defined in Definition A above, Sudan objects on the basis of its Objection to that Definition.  But, assuming Plaintiffs seek information related to property belonging to persons other than Sudan, Sudan objects on the basis that such information is outside its possession, custody or control, and concern facts outside Sudan's knowledge.  Sudan objects to this Area of Designation and Inquiry to the extent it would cause Sudan to violate or cause another to violate any law of any applicable jurisdiction protecting the privacy of and/or prohibiting the disclosure of any information, including laws prohibiting disclosures by financial institutions of their customers' personal or account information.

**AREAS OF DESIGNATION AND INQUIRY 18:** Any non-diplomatic activities, transactions, or ventures undertaken by or on behalf of Sudan in the United States, its territories and possessions, or any areas under the jurisdiction or authority of the United States whether independently or as a participant in a joint venture, partnership, syndicate, or other combination with any third party.

**OBJECTION:**   In addition to the foregoing General Objections and Objections to Definitions,

which are expressly incorporated herein, Sudan objects to this Area of Designation and Inquiry

as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and

not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United

States under the FSIA.   Sudan also objects to this Area of Designation and Inquiry because it

calls for information relating to a time period that predates the date of the commencement of this

action, and the date Plaintiffs obtained their default judgment.   As such, the discovery is not

"[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2) and is

outside the scope of permissible discovery under Rule 26(b)(1).   Sudan objects to this Area of

Designation and Inquiry because any information concerning Sudan's "interest" in property or

assets located in the United States, its territories and possessions, or any areas under the

jurisdiction or authority of the United States should be obtained by Plaintiffs from OFAC

pursuant to § 1610(f) of the FSIA.   Sudan further objects to this Area of Designation and

Inquiry as vague and ambiguous as to whose "financial account or any interest in property"

about which Plaintiffs are seeking information.   Assuming Plaintiffs seek information related to

financial accounts or interest in property belonging to "Sudan," as defined in Definition A above,

Sudan objects on the basis of its Objection to that Definition.   But, assuming Plaintiffs seek

information related to financial accounts or interests in property belonging to persons other than

Sudan, Sudan objects on the basis that such information is outside its possession, custody or

control, and concern facts outside Sudan's knowledge.   Sudan objects to this Area of Designation

and Inquiry to the extent it would cause Sudan to violate or cause another to violate any law of

any applicable jurisdiction protecting the privacy of and/or prohibiting the disclosure of any information, including laws prohibiting disclosures by financial institutions of their customers' personal or account information.

**AREAS OF DESIGNATION AND INQUIRY 19:** The manner, procedures, communications, property, documents, entities, and persons used by the Republic of Sudan, the Central Bank of Sudan, or any financial institution owned or controlled by the Government of Sudan for processing and conducting financial transactions (i) through or within the United States, its territories and possessions, or any areas under the jurisdiction or authority of the United States or (ii) involving U.S. dollar-denominated currency, indebtedness, securities, or accounts following the imposition of United States sanctions against Sudan in November 1997.

**OBJECTION:** In addition to the foregoing General Objections and Objections to Definitions, which are expressly incorporated herein, Sudan objects to this Area of Designation and Inquiry as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of attachable assets of Sudan in the United States under the FSIA.  Sudan also objects to this Area of Designation and Inquiry because it calls for information relating to a time period that predates the date of the commencement of this action, and the date Plaintiffs obtained their default judgment.  This Area of Designation and Inquiry calls for information on Sudan's assets that are immune from attachment because they are located outside the United States or are held by or related to the Central Bank of Sudan or the Bank of Sudan, the assets of which are specifically "immune from attachment and from execution" pursuant to § 1611(b)(1) of the FSIA.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2) and is outside the scope of permissible discovery under Rules 26(b)(1).  Sudan objects to this Area of Designation and Inquiry because any information concerning Sudan's "interest" in property or assets located in the United States, its territories and possessions, or any areas under the jurisdiction or authority of the United States should be obtained by Plaintiffs from OFAC pursuant to § 1610(f) of the FSIA.  Sudan further objects to this Area of Designation and Inquiry as vague and ambiguous as

to whose "financial account or any interest in property" about which Plaintiffs are seeking information.  Assuming Plaintiffs seek information related to financial accounts or interest in property belonging to "Sudan," as defined in Definition A above, Sudan objects on the basis of its Objection to that Definition.  Sudan objects to this Area of Designation and Inquiry to the extent it would cause Sudan to violate or cause another to violate any law of any applicable jurisdiction protecting the privacy of and/or prohibiting the disclosure of any information, including laws prohibiting disclosures by financial institutions of their customers' personal or account information.

February 3, 2016                                  Respectfully submitted,

                                                  **WHITE & CASE** LLP

                                                  Claire A. DeLelle (D.C. Bar No. 974945)
                                                  Christopher M. Curran (D.C. Bar No. 408561)
                                                  Nicole Erb (D.C. Bar No. 466620)
                                                  701 Thirteenth Street, N.W.
                                                  Washington, D.C., 20005-3807
                                                  (202) 626-3600
                                                  claire.delelle@whitecase.com
                                                  ccurran@whitecase.com
                                                  nerb@whitecase.com

                                                  *Attorneys for the Republic of the Sudan*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 3rd day of February 2016, I caused the foregoing Objections to Plaintiffs' Notice of Deposition Pursuant to Rule 30(b)(6) to be served via UPS on the following:

Steven R. Perles
Edward B. MacAllister
Perles Law Firm, PC
1050 Connecticut Avenue, NW
10th Floor
Washington, D.C. 20036
T: 202-955-9055
F: 202-772-3101
sperles@perleslaw.com
emacallister@perleslaw.com

William Rufus Wheeler, Jr.
Wheeler & Franks Law Firm, P.C.
Tupelo, MS 38802
P.O. Box 681
T: 662-842-0380
F: 662-842-7491
wwheeler@wheelerfrankslaw.com

John Arthur Eaves, Jr.
Eaves Law Firm
101 North State Street
Jackson, MS 39201
T: 601-355-7961
F: 601-355-0530
johnjr@eaveslaw.com

Michael J. Miller
David J. Dickens
The Miller Firm, LLC
108 Railroad Avenue
Orange, VA 22960
T: 540-672-4224
F: 540-672-3055

Gavriel Mairone
MM Law LLC
980 North Michigan Ave., Suite 1400
Chicago, IL 60611

Allen L. Rothenberg
Law Firm of Allen L. Rothenberg
1420 Walnut Street, 2nd Floor
Philadelphia, PA 19102

/s/ Celia A. McLaughlin