UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONTINENTAL TRANSFERT TECHNIQUE LIMITED,<br><br>                          Plaintiff,<br><br>v.<br><br>THE FEDERAL GOVERNMENT OF NIGERIA, ATTORNEY GENERAL OF THE FEDERATION, and MINISTER OF THE INTERIOR;<br><br>                          Defendants. | Civil Action No: 1:08-cv-02026 (PLF) |

## NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6)

PLEASE TAKE NOTICE that at 10:00 am on March 3, 2014, at the offices of Kelley Drye & Warren, LLP, Washington Harbour, Suite 400, 3050 K Street NW, Washington, D.C. 20007, Plaintiff Continental Transfert Technique Limited ("Plaintiff"), shall, pursuant to Federal Rules of Civil Procedure 30(b)(6) and 69(a)(2), take the deposition(s) upon oral examination of Defendant and Judgment Debtor Federal Government of Nigeria ("Defendant").

The deposition upon oral examination of Defendant shall include inquiry into the areas set forth herein. Defendant shall designate one or more agents or other persons competent and knowledgeable to testify on its behalf regarding these categories.

Plaintiff requests that Defendant produce all documents reviewed, provided to or used by such witness or witnesses in preparation for their depositions no later than five (5) business days prior to the examination.

Said oral examination will be stenographically recorded and videotaped, and shall be conducted before a person duly authorized to administer oaths in accordance with Rule 28(a)

1

of the Federal Rules of Civil Procedure, will be used for all purposes authorized by law, and shall continue day to day until completed.

## DEFINITIONS AND INSTRUCTIONS

1. The term "person" or "persons" means any natural person, corporation, limited corporation, partnership, limited partnership, sole proprietorship, union, association, federation, agency, government unit, or any other entity capable of holding an interest in property.

2. The terms "You," "Your," or "Nigeria" means Defendant Federal Government of Nigeria, including without limitation Defendant Attorney General of the Federation, Defendant Minister of the Interior, any present and former governmental authorities, institutions, ministries, committees, divisions, departments, agencies, state-owned corporations or subsidiaries of such corporations, including but not limited to CBN, NNPC, NSIA, and any present and former officials, employees, consultants, agents, accountancies, attorneys, and any other person or entity acting or purporting to act on behalf of the Federal Government of Nigeria.

3. The term "CBN" means the Central Bank of Nigeria.

4. The term "NNPC" means the Nigerian National Petroleum Corporation.

5. The term "NSIA" means the Nigeria Sovereign Investment Authority.

6. The areas of designation and inquiry cover the period from November 25, 2008 through the date and time that the deposition record is closed.

## AREAS OF DESIGNATION AND INQUIRY

1. Any property or assets located in the United States that Nigeria uses, avails, employs, or puts in service of any commercial activity in the United States, including but not limited to the purchase or sale of goods, property, or services.

2. Any bank accounts held, in whole or in part, in Nigeria's name, or for Nigeria's account, in the United States that hold funds used to purchase goods, obtain services, make payments, or conduct other commercial activity in the United States.

3. Any bank accounts held, in whole or in part, in CBN's name in the United States that hold funds used to purchase goods, obtain services, make payments, or conduct other commercial activity in the United States.

4. Any bank accounts held, in whole or in part, in NNPC's name in the United States that hold funds used to purchase goods, obtain services, make payments, or conduct other commercial activity in the United States.

5. Any bank accounts held, in whole or in part, in Nigeria's name, or for Nigeria's account, in the United States that hold funds used to pay dollar-denominated obligations to any person in the United States.

6. Any bank accounts held, in whole or in part, in CBN's name in the United States that hold funds used to pay dollar-denominated obligations owed by Nigeria to any person in the United States.

7. Any bank accounts held, in whole or in part, in NNPC's name in the United States that hold funds used to pay dollar-denominated obligations owed by Nigeria to any person in the United States.

8. Any bank accounts in the United States from which payments issue to Nigeria's or NNPC's joint venture partners in the United States.

9. The identity of all persons authorized to make deposits in or withdrawals from any account that falls within the scope of topics 2 through 8 of this Deposition Notice.

10. The nature and type of transactions made from any account that falls within the scope of topics 2 through 8 of this Deposition Notice.

11. Any letter of credit, collateral, or other security provided by Nigeria or on Nigeria's behalf, in connection with any commercial activity in the United States.

12. Any payment or receivable due by Nigeria or NNPC to any person in the United States in connection with any loan or other commercial activity in the United States.

13. Any commercial activities, transactions, or ventures undertaken by Nigeria in the United States, whether independently or as a participant in a joint venture, partnership, syndicate, or other combination with any third party.

14. Any transactions, or planned transactions, through which Nigeria has obtained or seeks to obtain debt or equity financing in the United States, including without limitation any creditor, underwriter, arranger, shareholder, or any other third party with whom Nigeria has communicated concerning any such transaction.

15. Any activity conducted in the United States by or relating to Nigeria's Sovereign Wealth Fund or NSIA, including any bank, brokerage or other accounts held in the United States and payments made to any United States person in connection with management, funding, or disbursement of the Sovereign Wealth Fund.

16. Any investments, or planned investments, made by or on behalf of Nigeria in the United States, including but not limited to the purchase of any bonds issued by the United States government or any United States corporation.

17. Any investments, or planned investments, made by NSIA in the United States, including but not limited to the purchase of any bonds issued by the United States government or any United States corporation.

18. Any contracts entered into by Nigeria for the sale of crude oil, natural gas, or related products to any person in the United States, or for delivery of such products in the United States, including but not limited to any derivative contracts related to such products.

19. Any contracts entered into by NNPC for the sale of crude oil, natural gas, or related products to any person in the United States, or for delivery of such products in the United States, including but not limited to any derivative contracts related to such products.

20. The relationship between the Defendant and CBN, including to what extent CBN receives, holds, processes, or distributes funds owned by the Defendant.

21. The relationship between Defendant and NNPC, including to what extent NNPC receives, holds, processes, or distributes funds owned by the Defendant.

22. The relationship between Defendant and NSIA, including to what extent NSIA receives, holds, processes, or distributes funds owned by the Defendant.

Dated: January 14, 2014

Respectfully submitted,

KELLEY DRYE & WARREN LLP

By: /s/ Paul F. Doyle
Paul F. Doyle[†]
Joel A. Hankin[†]
Melissa E. Byroade[†]
101 Park Avenue
New York, New York 10178
Phone: (212) 808-7800
Facsimile: (212) 808-7897
[†] admitted *pro hac vice*

and

Shaun M. Gehan
D.C. Bar No. 483720
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
Phone: (202) 342-8469
Facsimile: (202) 342-8451

*Attorneys for Plaintiff Continental Transfert Technique Limited*